Richard CREWS, Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. ED 75794.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 30, 1999.

Jennifer S. Walsh, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, III, Catherine Chatman, Asst. Attys. Gen., Jefferson City, for respondent.

ROBERT G. DOWD, Jr., Judge.

Richard Crews (Movant) appeals the denial of his Rule 29.15 motion for postconviction relief without an evidentiary hearing. Movant contends the motion court erred in denying his postconviction motion without an evidentiary hearing because, taken as true, his allegation that trial counsel failed to thoroughly cross-examine and impeach a witness with prior inconsistent statements entitles him to an evidentiary hearing. Movant further asserts the motion court erred in failing to issue findings of fact and conclusions of law on all allegations contained in the amended motion, thereby depriving him of the opportunity for meaningful appellate review. We affirm in part and reverse and remand in part.

A jury convicted Movant of one count of burglary in the first degree, Section 569.160, RSMo 1994, and one count of felony stealing, Section 570.030, RSMo 1994. The trial court sentenced Movant as a prior and persistent offender to ten years' imprisonment on the burglary count and a consecutive term of seven years' imprisonment on the stealing count.

The facts of the underlying convictions are as follows. On the evening of October 13, 1994, Mr. and Mrs. Koehler returned to their house in Windsong Court Subdivision in O'Fallon, Missouri. The Koehlers noticed that their 1985 GMC Sierra Classic was missing from their garage. As Mrs. Koehler called the police, Mr. Koehler went inside the house and noticed someone had broken into the house. Mr. Koehler examined the house and noticed several items missing, including a loaded .22 caliber rifle. The following day, Courtney Hammonds and Diondrey Hardwick were arrested for driving the Koehlers' stolen car. Hammonds and Hardwick stated that they received the car from a man nicknamed "Cowboy" and his wife in exchange for a piece of cocaine. Both Hammonds

and Hardwick identified Movant in a photo line-up as the man who gave them the car in exchange for the cocaine. The O'Fallon police searched Movant's residence and found several items that were taken from the Koehler's home during the burglary. Movant's brother-in-law later found the .22 caliber rifle that was stolen from the Koehlers' home in Movant's residence and turned the rifle over to the O'Fallon police. After a trial, the jury returned guilty verdicts on first-degree burglary and felonious stealing.

On direct appeal, we affirmed Movant's convictions and sentences. *State v. Crews,* 968 S.W.2d 763 (Mo.App. E.D.1998). Afterward, Movant filed a timely pro se motion pursuant to Rule 29.15. Thereafter, his appointed counsel filed an amended motion and request for evidentiary hearing. The motion court entered findings of fact and conclusions of law denying postconviction relief without an evidentiary hearing. This appeal follows.

In his first point, Movant contends the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing because, taken as true, Movant's allegation "that trial counsel's failure to thoroughly cross-examine Detective Rick Morell with prior inconsistent statements made by Morell regarding his knowledge of the pregnancy of [Movant's] wife and also regarding Morell's knowledge that [Movant] did not run an escort service, was not refuted by the record, stated facts, not conclusions, resulted in prejudice to him and entitled him to relief." We disagree.

Appellate review of the denial of a postconviction motion is limited to the determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *State v. Cosby,* 976 S.W.2d 464, 468 (Mo.App. E.D.1998). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the reviewing court is left with the definite and firm impression that a mistake has been made. *Cosby,* 976 S.W.2d at 468.

To establish a violation of his right to effective assistance of counsel, Movant must establish by a preponderance of the evidence that (1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) Movant was prejudiced by the ineffective assistance of counsel. *State v. Hall,* 982 S.W.2d 675, 680 (Mo.1998) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To prove prejudice, Movant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

To be entitled to an evidentiary hearing, Movant must have alleged facts, not conclusions, which if true would warrant relief; the allegations must not be refuted by the record; and the matters complained of must have prejudiced Movant. *State v. Brooks,* 960 S.W.2d 479, 497 (Mo.1997). A hearing is not required if the motion, files and record of the case conclusively show that movant was not entitled to relief. Rule 29.15(h).

The motion court, in its conclusions of law, found Movant's allegations did not rebut the presumption that counsel is competent. Further, the motion court found the cross-examination of Detective Morell to be within counsel's trial strategy. We cannot say that the motion court's findings of fact and conclusions of law are clearly erroneous. The manner in which cross-examination is conducted, and the extent of cross-examination, are almost always matters of trial strategy best left to the judgment of trial counsel. *State v. Colbert,* 949 S.W.2d 932, 945 (Mo.App. W.D.1997). Further, the record refutes Movant's claim, as his trial counsel extensively questioned Detective Morell. Because Movant's trial counsel had a great deal of discretion as to the method in which he chose to conduct his cross-examination, and the record reveals no major deficien-

cies in his manner of doing so, we cannot convict trial counsel of error for ineffective assistance of counsel. *See Id.*

Moreover, Movant failed to show the prejudice. Here, the overwhelming evidence of Movant's guilt makes it reasonable for us to conclude that the outcome of the trial would not have been different. Movant was identified in a photo lineup as the man who exchanged the stolen car for cocaine. Several items taken from the Koehlers' home during the burglary were found in Movant's residence. Thus, the record would conclusively refute any claim of ineffective assistance of counsel in that prejudice could not be shown. Point denied.

In his second point, Movant argues the motion court clearly erred in denying his motion without entering findings of fact and conclusions of law on all allegations contained in the amended motion. Movant contends that Rule 29.15 requires that the motion court issue findings of fact and conclusions of law on all issues presented to allow for meaningful review.

Movant contends the order of the motion court should be reversed and remanded because the motion court failed to enter specific findings of fact and conclusions of law in regard to his claims that (1) his trial counsel failed to object or move for a mistrial after Detective Morell commented on cross-examination that Movant's explanation for how he received the stolen goods was "not the truth"; (2) his trial counsel failed to make the proper objection or move for a mistrial after the prosecutor asked a defense witness if he recalled that "the defendant and his wife lied about his drug use"; and (3) his appellate counsel failed to raise on appeal the issue of the State eliciting testimony about Movant's drug use. Here, the motion court did not enter findings of fact or conclusions of law as to these three allegations in Movant's amended motion. The

motion court made no generalized findings of fact in this case. The motion court made a specific finding of fact and conclusion of law as to Movant's first allegation in his amended motion, but failed to address the remaining three allegations. In addition, the motion court made findings of fact and conclusions of law all the allegations contained in Movant's pro se motion. We note Rule 29.15(g) expressly prohibits incorporation by reference of any material contained in a previously filed motion, and thus, the motion court was not to make findings of fact and conclusions of law as to Movant's pro se allegations.

Rule 29.15(j) states, in part, that "[t]he court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." "There is no ambiguity in this directive and its requirements are not a mere formality." *State v. Deprow,* 937 S.W.2d 748, 751 (Mo.App.S.D.1997) (quoting *Burton v. State,* 895 S.W.2d 648, 649 (Mo.App.1995)). The motion court is not required to issue itemized findings of fact and conclusions of law. *Boxx v. State,* 857 S.W.2d 425, 429 (Mo.App. E.D.1993).[1] Rather the findings and conclusions must be sufficient to permit meaningful appellate review. *State v. Oris,* 892 S.W.2d 770, 773 (Mo.App.W.D. 1995). "The absence of findings or conclusions giving the basis of the trial court's action leaves an appellate court in the dark as to the reasons for the trial court's action and presents nothing of substance to review." *Deprow,* 937 S.W.2d at 751 (citing *Holloway v. State,* 764 S.W.2d 163, 165 (Mo.App.1989)). Findings and conclusions cannot be supplied by implication from the court's ruling. *Barry v. State,* 850 S.W.2d 348, 350 (Mo.1993).

In response, the State contends we need not reverse and remand for findings of fact and conclusions of law. Certainly, while Rule 29.15 requires findings of fact and conclusions of law on every issue, it has also been acknowledged that not every

---

1. Rule 24.035 is the companion rule to Rule 29.15. The language contained in both rules is identical, and therefore, it is appropriate to refer to cases interpreting Rule 24.035.

failure to enter a finding of fact or a conclusion of law requires reversal and remand. *White v. State,* 939 S.W.2d 887, 903 (Mo.1997); *Barry,* 850 S.W.2d at 350. Various courts have recognized several exceptions to this rule, not all of which have been recognized by the Supreme Court. Our research reveals five possible exceptions.

First, no finding of fact is necessary where the only issue is one of law. *White,* 939 S.W.2d at 903; *Barry,* 850 S.W.2d at 350. However, where the only issue is one of law, the motion court is still required to enter a conclusion of law. Here, the motion court failed to enter both findings of fact and conclusions of law as to the allegations. Therefore, the exception does not apply.

Second, an appellate court will not order a useless remand to direct the motion court to enter a proper conclusion of law on an isolated issue overlooked by the motion court where it is clear that movant is entitled to no relief as a matter of law and will suffer no prejudice by being denied a remand. *White,* 939 S.W.2d at 903; *State v. Burks,* 952 S.W.2d 319, 320 (Mo. App. E.D.1997). This is not a situation of a failure to enter a conclusion of law on an isolated issue. There were three allegations in Movant's amended motion that the motion court failed to address with both findings of fact and conclusions of law. Further, it is not clear that Movant is entitled to no relief as a matter of law.

Third, findings of fact or conclusions of law are also not required on an allegation if the motion court grants a hearing on the motion and the movant fails to present substantial evidence at the hearing to support that allegation. *State v. Dunn,* 889 S.W.2d 65, 75 (Mo.App. E.D. 1994). Here, Movant's motion was denied without an evidentiary hearing and Movant had no opportunity to present evidence. This exception clearly does not apply.

Fourth, findings and conclusions are not required upon issues which were not properly raised or are not cognizable in a postconviction motion. *State v. Jackson,* 925 S.W.2d 856, 861 (Mo.App. W.D. 1996). Movant's allegations were properly raised and are cognizable in a postconviction motion.

Fifth, where the motion itself was insufficient and therefore, ineffective, reversal is not required. *Trehan v. State,* 872 S.W.2d 156, 161 (Mo.App. S.D.1994). Movant's amended motion sufficiently alleged a claim for ineffective assistance of trial and appellate counsel. Here, the pleaded allegations were sufficient.

Despite the inapplicability of any of the exceptions, the State argues remand is not necessary in this case. In support of its claim, the State cites *Gilliland v. State,* 882 S.W.2d 322, 326 (Mo.App. S.D.1994). There, as here, the motion court denied a motion for postconviction relief without an evidentiary hearing and without issuing specific findings of fact as to each allegation in the postconviction relief motion. *Id.* at 323, 326. Nevertheless, the Southern District affirmed the decision of the motion court, holding "[w]here, as here, the correctness of the motion court's action is clear from the record, there is no need to remand for additional findings and conclusions." *Id.* at 326. The court in *Gilliland* found the movant's motion to be a "collage of conclusional allegations, citations of cases and rules, and denunciations of counsel." *Id.*

The *Gilliland* case is distinguishable from our case. The motion court in *Gilliland* failed to make findings of fact as to each allegation in the movant's motion. Here, the court failed to make findings of fact as well as conclusions of law as to Movant's three allegations. Moreover, the case of *Holloway v. State,* 764 S.W.2d 163, 165 (Mo.App. W.D.1989) interpreted several cases which did not remand for findings

of fact and conclusions of law because the court could determine the correctness of the motion court's action from the record.[2] The *Holloway* court held the previous case rulings did not establish the right of the motion court to deny a postconviction relief motion without rendering at least the conclusions of law upon which it bases its denial. *Holloway*, 764 S.W.2d at 165.

Further, our review of the cases illustrates that where courts have not remanded for additional findings of fact and conclusions of law based on their ability to determine the correctness of the motion court's action, the court has also applied one of the above exceptions. *See State v. Viviano*, 882 S.W.2d 748 (Mo.App. E.D. 1994) (finding the claims were unsupported by substantial evidence after a hearing or the claims were not cognizable in a postconviction proceeding, and therefore, the court could determine from the record the correctness of the motion court's denial of relief); *State v. Young*, 943 S.W.2d 794 (Mo.App. W.D.1997) (holding findings of fact were not required because the issues presented were matters of law, and therefore, the court could determine from the record correctness of the motion court denial of relief). We find none of the exceptions apply, and thus, we are not called upon to review the record.

Without findings of fact and conclusions of law entered by the motion court on these issues, there is nothing for this court to review. "Were this court to furnish the necessary findings and conclusions, review would be impliedly *de novo* and impermissible in face of the unequivocal mandate of the rule." *Burton*, 895 S.W.2d at 649.

We reverse and remand to the motion court for findings of fact and conclusions of law which comply with Rule 29.15(j) on Movant's three claims contained in his amended motion. The order of the motion court is affirmed in all other respects.

CRANE, P.J., and SULLIVAN, J., concur.

---

**2.** The *Holloway* case discussed *Guyton v. State*, 752 S.W.2d 390 (Mo.App. E.D.1988), *Williams v. State*, 744 S.W.2d 814 (Mo.App. E.D.1987), and *Newman v. State*, 703 S.W.2d 71 (Mo.App. S.D.1985).