**Justin AYRES, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 79263.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 4, 2001.

Kent Denzel, Assistant Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Andrea Mazza Follett, Assistant Attorney General, Jefferson City, MO, for respondent.

RICHARD B. TEITELMAN, Judge.

Justin Ayres ("Appellant") appeals from an order and judgment denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. Appellant raises four points on appeal. In Point IV, Appellant argues that the motion court clearly erred in failing to enter specific findings of fact and conclusions of law. The State concedes this point. We agree and therefore do not reach the merits of

Points I, II, and III. Reversed and remanded.

### Factual and Procedural Background

Appellant was convicted on counts of first degree assault and armed criminal action. He was sentenced to ten years imprisonment for the assault conviction and a concurrent term of three years for the armed criminal action conviction. This Court affirmed Appellant's convictions and sentence in *State v. Ayres,* 27 S.W.3d 853 (Mo.App. E.D.2000).

Appellant thereafter filed a Rule 29.15 motion for post-conviction relief alleging ineffective assistance of counsel. The motion court denied Appellant's motion with a docket entry that reads as follows:

> "Petitioner nor counsel appear. Respondent appears by P.A. John Rupp. After reviewing motion and hearing some testimony from Sandy Friend, the Court denies petitioners [sic] motion to vacate, set aside or correct the Judgment and Sentence."

There were no additional findings of fact or conclusions of law. The above-quoted docket entry serves as the only basis for appellate review of the motion court's decision.

### Discussion

 Rule 29.15(j) provides, in part, that "the court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." There is no ambiguity in this directive and its requirements are not a mere formality. *Crews v. State,* 7 S.W.3d 563, 567 (Mo.App. E.D.1999). While the motion court is not required to issue itemized findings and conclusions, the findings and conclusions must be sufficient to permit meaningful appellate review. *Id.*

In this case, the motion court's docket entry provides us with no basis for review. In order to review the motion court's ruling, this court would have to supply findings of fact and conclusions of law by implication. This we will not do. *See Crews* at 567.

We remand to the motion court for findings of fact and conclusions of law on Appellant's claims that comply with Rule 29.15(j).

GARY M. GAERTNER, SR., J., and CLIFFORD H. AHRENS, J., concur.