**Santino GARNER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 59384.**

Missouri Court of Appeals,
Western District.

Dec. 18, 2001.

Before ULRICH, P.J., ELLIS and BRECKENRIDGE, JJ.

PATRICIA BRECKENRIDGE, Judge.

Santino Garner appeals the denial of his Rule 29.15 motion for post-conviction relief, without an evidentiary hearing. Mr. Garner was convicted of the class A felony of robbery in the first degree, § 569.020, RSMo 2000,[1] and the class A felony of armed criminal action, § 571.015. He was sentenced as a prior offender to 20 years in prison on the robbery count and 10 years on the armed criminal action count, to be served concurrently. On appeal, Mr. Garner claims the motion court clearly erred in denying his 29.15 motion because it failed to issue findings of fact and conclusions of law, as required by Rule 29.15(j). Alternatively, he asserts that the motion court clearly erred when it adopted the State's proposed findings of fact and conclusions of law because the motion court failed to exercise its independent judgment in its findings of fact and conclusions of law. Finally, Mr. Garner claims that the motion court erred when it failed to grant him an evidentiary hearing on his claim that his trial counsel was ineffective in failing to properly raise *Batson*[2] challenges to the State's peremptory strikes. Because the motion court failed to issue findings of fact and conclusions of law as required by Rule 29.15(j), the motion court's judgment is reversed. The cause is remanded with directions for the motion court to file written findings of fact and conclusions of law.

**Factual and Procedural Background**

On February 22, 1996, Mr. Garner approached the owner of a 1966 Chevrolet Bel Air, which was parked on Independence Avenue in Kansas City, and inquired

Sarah Weber, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., Jefferson City, for respondent.

1. All statutory references are to the Revised Statutes of Missouri 2000.

2. *Batson v. Kentucky*, 476 U.S. 79, 89, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986).

whether the owner wished to sell the vehicle. When the owner declined, Mr. Garner retrieved a sawed-off shotgun from the car in which he was riding and stuck the gun in the owner's side. Mr. Garner then got into the Bel Air and drove off. A short time later, Mr. Garner was spotted driving the stolen vehicle. After a high-speed chase, Mr. Garner crashed the Bel Air into a retaining wall and telephone pole. He was apprehended when he tried to run away.

Mr. Garner was subsequently charged, as a prior offender, with the class A felony of robbery in the first degree, § 569.020, and the class A felony of armed criminal action, § 571.015. The case was tried to a jury in August 1996. The jury convicted him, and the court sentenced him, as a prior offender, to 20 years imprisonment on the robbery in the first degree count and 10 years on the armed criminal action count. The sentences were to be served concurrently. This court affirmed Mr. Garner's conviction in *State v. Garner*, 976 S.W.2d 57, 61 (Mo.App.1998).

On February 3, 1997, Mr. Garner timely filed a *pro se* motion to vacate, set aside, or correct the judgment or sentence pursuant to Rule 29.15. His motion counsel later filed an amended motion alleging, *inter alia*, that trial counsel had been ineffective for failing to properly raise *Batson* challenges concerning the State's use of peremptory strikes. On October 23, 2000, the State filed its proposed "Findings of Fact, Conclusions of Law and Judgment." At the end of the document, the State prayed that the motion court deny Mr. Garner's motion for post-conviction relief. The proposed "Findings of Fact, Conclusions of Law and Judgment" was signed by Jean P. Baker, an assistant prosecuting attorney for Jackson County.

On October 30, 2000, without holding an evidentiary hearing, the motion court entered its judgment denying Mr. Garner's 29.15 motion. The judgment, in its entirety, reads: "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Movant's post-conviction [sic] for relief pursuant to Missouri Supreme Court Rule 29.15 is hereby overruled." On the face of the judgment, there is the recital, "Approved in form by:" and the signature of Jean P. Baker, the same assistant prosecutor who filed the proposed "Findings of Fact, Conclusions of Law and Judgment." Mr. Garner filed this appeal.

### Failure to Make Findings of Fact and Conclusions of Law Is Reversible Error

■ In his first point on appeal, Mr. Garner claims the motion court erred in denying his Rule 29.15 motion without making the required findings of fact and conclusions of law. Mr. Garner specifically argues the motion court must "issue findings of fact and conclusions of law" pursuant to Rule 29.15(j), and that it failed to do so because: (1) the judge did not sign the findings and conclusions; (2) the judgment contains no reference to the findings and conclusions; (3) a copy of the State's proposed findings and conclusions, neither signed nor edited by the judge, was merely stapled to the copy of the judgment received by the public defender's office; and (4) in the Jackson County civil case file, the judgment and the findings and conclusions were not attached to each other.

■ Missouri Supreme Court Rule 29.15(j) requires the motion court to issue findings of fact and conclusions of law. The rule provides that "[t]he court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Moreover, "[t]here is no ambiguity in this directive and its requirements are not a mere formality." *Crews v. State*, 7 S.W.3d 563, 567 (Mo.App.

1999) (quoting *State v. Deprow,* 937 S.W.2d 748, 751 (Mo.App.1997)). The Eastern District in *Crews* discussed the nature of the findings required:

> The motion court is not required to issue itemized findings of fact and conclusions of law. Rather the findings and conclusions must be sufficient to permit meaningful appellate review. "The absence of findings or conclusions giving the basis of the trial court's action leaves an appellate court in the dark as to the reasons for the trial court's action and presents nothing of substances for review." Findings and conclusions cannot be supplied by implication from the court's ruling.

*Id.* (citations and footnote omitted).

While written findings of fact and conclusions of law are required, "[v]arious courts have recognized several exceptions to this rule, not all of which have been recognized by the Supreme Court." *Id. See White v. State,* 939 S.W.2d 887, 903 (Mo. banc 1997) (no remand when movant is not entitled to relief on an isolated issue overlooked by motion court, as a matter of law, and movant will suffer no prejudice); *Barry v. State,* 850 S.W.2d 348, 350 (Mo. banc 1993) (no remand when only issue raised concerns a matter of law, not fact, and no error when evidence was not presented at the hearing on an issue pled); *State v. Jackson,* 925 S.W.2d 856, 861 (Mo. App.1996) (no remand when issues not addressed were not properly raised or not otherwise cognizable in post-conviction motion); *Trehan v. State,* 872 S.W.2d 156, 161 (Mo.App.1994) (no remand when allegation refuted by record); *Robinson v. State,* 785 S.W.2d 323, 324 (Mo.App.1990) (no remand when motion was insufficient and movant was not entitled to an evidentiary hearing). The motion and record in this case do not allow this court to find that any of the exceptions apply, so written findings of fact and conclusions of law were required.

The judgment challenged by Mr. Garner does not contain any findings of fact or conclusions of law, and, in fact, it consists of only one sentence. That sentence merely overrules Mr. Garner's 29.15 motion. Nevertheless, the State argues that the motion court intended to enter the findings of fact and conclusions of law found in the State's proposed findings and conclusions that were separately filed with the court. The issue then is whether the trial court's judgment adopts or incorporates the findings of fact and conclusions of law proposed by the State.

 When determining the meaning of a judgment, "this court makes its own independent assessment, since '[c]onstruction of a court order is a question of law.'" *Am. Family Mut. Ins. Co. v. Hart,* 41 S.W.3d 504, 509 (Mo.App.2000) (quoting *Jacobs v. Georgiou,* 922 S.W.2d 765, 769 (Mo.App.1996)). In interpreting a judgment, this court attempts to "ascertain the intention of the [motion] court in entering the order." *Id.* Where the issue is whether two or more documents may be read as one, the general rule of construction is that "'[s]everal instruments made at the same time and relating to the same subject matter may be read together as one [instrument], and recitals in one may be explained by reference to the other.'" *Id.* (quoting *Ringstreet Northcrest, Inc. v. Bisanz,* 890 S.W.2d 713, 718 (Mo.App.1995)). In *American Family,* this court found that a consent judgment and a separate payout order and judgment were to be read together as disposing of all issues of the case where the payout order and judgment was entered simultaneously with the consent judgment and "the payout order and judgment specifically refers to and recognizes the separate consent judgment." *Id.* at 510–11. Here, there is no indication that the motion court intended to adopt the proposed findings and conclusions as its own. The judgment itself makes no refer-

ence to the findings and conclusions. The judgment and the findings and conclusions bear different dates. The judgment is signed by the judge and dated October 30, 2000. By contrast, the findings and conclusions document is dated October 23, 2000, and is not signed by the judge. Additionally, the findings and conclusions retain the State's prayer for relief: "WHEREFORE, the State prays this Honorable court to deny Movant's Motion for Post Conviction Relief."

The State argues it is clear from the appearance of the documents ("same size and type of font for both caption and text") that the motion court intended to enter the findings in connection with its judgment. But the similar appearance of the documents is not an indication of the motion court's intention to adopt or otherwise incorporate the State's proposed findings into its judgment. The more reasonable inference is that the prosecutor's office prepared and filed both documents.

Because nothing on the face of the motion court's judgment indicates the motion court's intention to adopt or otherwise incorporate the proposed findings and conclusions into its judgment, this court finds that the proposed findings of fact and conclusions of law are not part of the motion court's judgment. Therefore, the motion court failed to comply with the requirements of Rule 29.15(j) and its judgment must be reversed.

Because Mr. Garner's first point is dispositive, Mr. Garner's additional points need not be reached. The judgment of the motion court denying Mr. Garner's 29.15 motion is reversed, and the cause is remanded for issuance of findings of fact and conclusions of law.

All concur.