Kevin ROTELLINI, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 79678.

Missouri Court of Appeals, Eastern District, Division Three.

March 26, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 23, 2002.

Lisa M. Stroup, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Andrea Mazza Follett, Assistant Attorney General, Jefferson City, for respondent.

GARY M. GAERTNER, SR., Judge.

Appellant, Kevin Rotellini ("movant"), appeals from the judgment of the Circuit Court of St. Louis County denying his Rule 29.15 motion for post-conviction relief after an evidentiary hearing. Movant sought to vacate his conviction for stealing credit cards, section 570.030, RSMo 2000,[1] and stealing over $150.00, section 570.030. Movant was sentenced as a prior and persistent offender to two concurrent terms of fifteen years of imprisonment. We affirm in part, and reverse and remand in part.

On December 4, 1997, movant was charged with four counts. Count I charged movant with stealing a credit card, Count II with stealing over $150.00, Count III with stealing a credit card, and Count IV with stealing a credit card. On June 23, 1998, a jury found movant guilty of Counts I and II and not guilty of Counts III and IV. Movant was sentenced as a prior and persistent offender to two concurrent terms of fifteen years imprisonment. On September 21, 1999, this Court affirmed movant's conviction and sentence. *State v. Rotellini*, 2 S.W.3d 843 (Mo.App. E.D.1999). On February 7, 2000, movant filed his pro se motion for post-conviction relief and an amended motion was filed on December 26, 2000. On April 3, 2001, the motion court denied movant's motion. Movant appeals.

Our review of the denial of a Rule 29.15 motion for post-conviction relief is limited to the determination of whether the findings of fact and conclusions of law are clearly erroneous. *Crews v. State*, 7 S.W.3d 563, 566 (Mo.App. E.D.1999). The findings and conclusions are clearly erroneous only if, after a review of the entire record, the reviewing court is left with the definite and firm impression that a mistake has been made. *Id.*

Movant raises three points on appeal. On his first point, movant argues the motion court erred when it denied his Rule 29.15 post-conviction motion without ruling on one of his points. Movant had alleged that his trial counsel was ineffective for failing to call him as a witness during the hearing on the motion to suppress statements.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

■ Rule 29.15(j) requires the motion court to issue findings of fact and conclusions of law on all issues presented. The rule's requirements are not a mere formality. *Crews,* 7 S.W.3d at 567. The motion court's findings and conclusions must be sufficient to permit a meaningful appellate review. *Id.* The findings and conclusions of the motion court cannot be supplied by implication from the court's ruling. *Id.*

In the case at bar, the motion court's findings and conclusions were not sufficient to permit a meaningful appellate review as to whether counsel was ineffective for failing to call movant as a witness at the suppression hearing. Movant raised this issue in his Rule 29.15 motion. The motion court failed to address this issue in its findings and conclusions. Therefore, we remand the cause to the motion court to issue findings and conclusions as to this issue.

■ In his second point on appeal, movant argues the motion court erred in denying his Rule 29.15 motion and in finding that his counsel was not ineffective for failing to secure the presence of a witness, Delilah Rotellini ("Delilah").[2] Delilah is movant's sister. Movant alleges that the testimony of Delilah would have changed the outcome of the trial. Movant argues that trial counsel was ineffective for failing to secure Delilah's presence in court through either a continuance or a writ of body attachment.

At the evidentiary hearing, Delilah admitted that she was served with a subpoena to testify at her brother's trial. She stated that she did not appear in court to testify because she was incarcerated at the St. Louis County Jail. She testified that she did not tell movant about her incarceration and that she did not contact movant's

counsel to explain why she was unable to appear in court.

Furthermore, movant's counsel testified at the evidentiary hearing that her investigator served a subpoena upon Delilah. Movant's counsel testified that her investigator had been in contact with Delilah on the day before trial and Delilah told the investigator that she would appear. When Delilah did not appear on the first day of trial, movant's counsel asked the court to continue the case to the next morning. Movant's counsel further testified that she did not know that Delilah was in jail at the time of trial.

■ To prevail on a claim of ineffective assistance of counsel, movant must establish by a preponderance of the evidence that: 1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and 2) movant was prejudiced by the ineffective assistance of counsel. *Crews,* 7 S.W.3d at 566. To support the claim of ineffective assistance of counsel for failure to call a witness, movant must show that the witness was available to testify, would testify if called, and would provide a viable defense through his or her testimony. *State v. Whitfield,* 939 S.W.2d 361, 371 (Mo.banc 1997). "Defense counsel necessarily relies on his client to identify witnesses and is not required to be clairvoyant." *State v. Twenter,* 818 S.W.2d 628, 639 (Mo.banc 1991).

Here, the motion court did not clearly err in denying movant's claim because movant's counsel took reasonable steps to call Delilah as a witness. Delilah was subpoenaed. Counsel's investigator spoke to her on the day before trial and Delilah informed her that she planned to appear in court. When Delilah failed to appear in

---

**2.** We use Ms. Rotellini's first name to avoid confusion; we mean no disrespect.

court, movant's counsel asked the court to continue the case to the next morning. Counsel's subsequent efforts to locate Delilah through her investigator proved futile. Additionally, counsel was unaware that Delilah was in jail. Delilah failed to inform either movant nor movant's counsel about her whereabouts. She did not even notify jail officials that she was supposed to testify at movant's trial. Counsel should not be deemed ineffective for failing to be clairvoyant concerning Delilah's whereabouts. Point denied.

■ In his final point, movant argues that the motion court clearly erred in finding that his trial counsel was not ineffective for failing to object to the State's introduction of evidence of bad acts committed by him, other than the charged offenses. According to movant, he was prejudiced by his counsel's failure to object because the jurors heard evidence and argument that he has a propensity to steal from other people's cars; and this failure to object waived the issue on appeal.

On the day of movant's suppression hearing and trial, movant's counsel filed a motion in limine to preclude the State from mentioning that, at the time of trial, movant had two pending cases. The trial court sustained the motion.

During the State's direct examination of Detective Flynn, the following ensued:

Q. What did the defendant tell you in his verbal statement to you, Sir?

A. That he had been in the Des Peres area from around March till the time that he was taken into custody; he had broken into several vehicles at Sugar Creek Park.

Q. Okay. Pertaining to the vehicles, what would he do?

A. He would take the purses from—if there was a purse in the vehicle, he would take the purse.

After questioning the detective as to the incident on August 16, 1997, which was the basis for Count I, the following ensued:

Q. Now, pertaining to the other incidents from March of '97 up to this date, did the defendant have specific details of those events?

A. He couldn't remember the cars or what they looked like or—

Q. He just said he had broken into other vehicles and stolen purses?

A. Correct.

Q. Since the defendant was arrested and [co-defendant], have these burglaries stopped at Sugar Creek Park?

A. Yes, they have.

Movant's counsel did not object to the questioning.

Furthermore, during its closing argument, the State argued the following:

Look at the evidence in this case. It's unrefuted. The defendant in his verbal statement to Detective Flynn said, not only did I break into the car on August 16th, I've broken into so many other cars from March up until now, this was all in the time frame, I don't remember dates, I don't remember details, I don't remember specific cars, but I've been breaking into cars and taking purses and credit cards, eventually dumping them.

Movant's counsel did not object to this portion of the closing argument.

■ To prevail on a claim of ineffective assistance of counsel, movant must establish by a preponderance of the evidence that: 1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and 2) movant was prejudiced by the ineffective assistance of counsel. *Crews,* 7 S.W.3d at

566. To establish prejudice, movant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* We need not determine whether counsel's performance was deficient before examining for prejudice and, if easier, we may dispose of an ineffective assistance claim for lack of sufficient prejudice. *Olds v. State,* 891 S.W.2d 486, 489 (Mo.App. E.D.1994). The failure to object to evidence is not sufficient in and of itself to constitute ineffective assistance of counsel; movant must show that the failure to object resulted in substantial deprivation of his right to fair trial. *Id.*

Here, we conclude that movant has failed to demonstrate how his counsel's performance prejudiced him. Movant was charged with three counts of stealing credit cards from Sugar Creek Park and one count of stealing $150.00 or more. The jury convicted him of one count of stealing a credit card and one count of stealing $150.00 or more. The same jury found him not guilty as to two counts of stealing a credit card. Movant's allegations that he was prejudiced by his counsel's failure to object to the questioning of Detective Flynn and the State's closing argument because jurors heard evidence and argument that he has a propensity to steal credit cards from cars is unsupported by the record. The record reflects that the jury convicted movant not because the State showed that he had a propensity to break into cars and steal credit cards. Rather, the record reflects that the jury listened to the evidence carefully, and convicted him on the crimes that the State were able to prove beyond a reasonable doubt. The jury found movant not guilty of the crimes the State was not able to prove. Thus, movant has failed to demonstrate how he was prejudiced by his counsel's failure to object.

Based on the foregoing, we reverse and remand the case in part and affirm in part the judgment of the trial court.

JAMES R. DOWD, C.J. and CLIFFORD H. AHRENS, J., concur.