Flennord SMITH, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 62704.

Missouri Court of Appeals, Western District.

Nov. 4, 2003.

Vanessa Caleb, Appellate Defender, Kansas City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Breck K. Burgess, Asst. Attorney

General, Jefferson City, MO, for Respondent.

Before VICTOR C. HOWARD, P.J., HAROLD L. LOWENSTEIN and JAMES M. SMART, JR., JJ.

JAMES M. SMART, JR., Judge.

This appeal is from the denial of a motion to vacate judgment and sentence under Supreme Court Rule 29.15. The convictions were for assault in the first degree, § 565.050, RSMo 2000, for which the sentence imposed was thirty years in the custody of the Missouri Department of Corrections, and armed criminal action, § 571.015, RSMo 2000, for which the sentence imposed was ten years in the custody of the Missouri Department of Corrections, with the sentences to be served consecutively. Because the trial court failed to make findings in accordance with Rule 29.15(j), and because that failure hinders our review of the matters on appeal, we vacate the judgment and remand the case for the adoption of findings of facts and conclusions of law in accordance with Rule 29.15(j).

Viewed in the light most favorable to the verdict, the evidence presented at trial showed the following: On May 25, 2000, around 3:00 or 4:00 in the afternoon, Appellant and Gladys Monroe were smoking crack at Monroe's residence at 1312 East 25th Street in Kansas City.

Around midnight, Appellant and Monroe began an argument that became heated as usual. Monroe asked Appellant to leave the house because she was "tired of" him not supporting her or the child they had together. Appellant started to pack his belongings. Suddenly, according to Monroe, Appellant grabbed a hatchet from the toolbox, leaped across the bed, and started hitting Monroe with the hatchet. Monroe fell to the floor and tried to cover her face while asking Appellant, "Why are you doing this?"

After inflicting injuries with the hatchet, Appellant stopped and left the bedroom. He then walked outside and threw the hatchet in a yard across the street. Monroe left the bedroom and sat in a living room chair. Appellant then returned to the living room and paced back and forth saying, "You made me do this. Why did you make me do this? You made me snap. You knew I was going to do this." Appellant also worried aloud that he would "go to jail."

Monroe's roommate, Netanyahu, called the police. When the police arrived, an officer asked Monroe who had attacked her and she pointed at Appellant. About the same time, Appellant, who was standing nearby, said, "I did." Appellant was taken into custody. Shortly thereafter, an ambulance arrived and took Monroe to the hospital where her injuries were treated. Monroe had cuts on her cheeks, forehead, right hand, both knees, and near her breast. Both of her cheekbones had been broken. Reconstruction of her facial bones required nine screws. The bones around Monroe's eyes had also been broken and displaced. Her teeth had been knocked loose and her jaw had been broken. She suffered a lower facial fracture, a "Laforte I" fracture, which was so severe that the bottom part of her face "could actually pull ... away from her skull." Her sinuses had been broken and crushed. Her right hand had been fractured, and the tendons of her index finger had been severed. Additionally, the back of Monroe's skull had been fractured and depressed. At the time of trial, Monroe had trouble breathing, walked with a limp, had only limited use of her right hand, and was scarred in several places.

At trial, Appellant testified that he had acted in self-defense after Monroe threat-

ened to kill him and attacked him with scissors as he was trying to leave the house.

At the close of the jury trial, Appellant was found guilty of assault in the first degree and armed criminal action.

Appellant filed a direct appeal. This court affirmed Appellant's conviction and sentences. *State v. Smith,* 79 S.W.3d 921 (per curiam order, July 23, 2002).

On March 5, 2003, the motion court denied Appellant's motion for relief under Rule 29.15.

In his sole point on appeal, Appellant alleges that the motion court clearly erred in failing to enter specific findings of fact and conclusions of law with regard to his Rule 29.15 motion for post-conviction relief. In making this claim, Appellant argues that the trial court's failure to issue such findings and conclusions denied him the opportunity for meaningful appellate review.

Appellant, in his amended motion, raised five claims of ineffective assistance of trial counsel. The motion court denied these claims without an evidentiary hearing on March 5, 2003. In denying Appellant's claims, the motion court issued a "Summary of Proceedings, Finding and Order Denying Post-conviction Relief," in which it described the procedural history of Appellant's motion. The court stated that it reviewed all the files and records of the case and determined that Appellant was not entitled to relief. The court, in its judgment, made the following statements:

> The Court determines that the motion, files, and records of the case conclusively show that the movant is entitled to no relief. Accordingly, the Court will not conduct a hearing [on] the motions.

> Having reviewed the cause, the Court finds that the sentencing court was properly vested with jurisdiction, that the sentences imposed against the movant were not in excess of the maximum sentences allowed by law, and that there was no denial or infringement of the rights given movant by the Constitution of Missouri or the Constitution of the United States so as to render the judgment subject to a collateral attack. The Court recalls and determines that the evidence of the movant's guilt was overwhelming and that there is no probable cause to suspect ineffective assistance of counsel. The Court hereby denies the movant's request for post-conviction relief.

> The pro se and the amended motions for post-conviction relief are hereby OVER-RULED. The request for post-conviction relief is hereby DENIED.

Rule 29.15(j) provides, in part, that "the court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." "There is no ambiguity in this directive and its requirements are not a mere formality." *Crews v. State,* 7 S.W.3d 563, 567 (Mo.App. E.D.1999) (citations omitted). The court is not required to issue *itemized* findings and conclusions, but rather the findings and conclusions must be sufficient to permit meaningful appellate review. *Id.* "Findings and conclusions cannot be supplied by implication from the court's ruling." *Id.*

Although Rule 29.15 requires findings and conclusions for all issues presented, not every failure to enter a finding or conclusion for an issue requires reversal and remand. *Id.* at 567–68. In *Crews,* the court offered "five possible exceptions" to the requirement of findings and conclusions: (1) no finding of fact is necessary where the only issue is one of law, but the court must still enter a conclusion of law; (2) an appellate court will not order a useless remand to direct the court to issue a proper conclusion of law on an isolated

issue where it is clear that the movant is entitled to no relief as a matter of law and will suffer no prejudice by denying a remand; (3) findings and conclusions are not required on an allegation if the court grants a hearing on the motion and the movant fails to present substantial evidence at the hearing to support that allegation; (4) findings and conclusions are not required for issues that were not properly raised or are not cognizable in a post-conviction motion; and (5) reversal is not required if the motion itself was insufficient. *Id.* at 568; *see also Bowens v. State,* 18 S.W.3d 118, 120–21 (Mo.App. E.D.2000). Movant's claims of ineffectiveness here relate to issues such as failure to call certain witnesses and failure to present certain evidence or make certain strategic decisions. They are not strictly issues of law. The State's brief provides no analysis of the *reasons,* in light of movant's allegations, that findings and conclu-

sions are not necessary in this case. The brief simply provides authority for the proposition that remands are not always necessary. Examining the allegations for ourselves, it appears that none of the exceptions discussed in *Crews* apply to defendant's ineffective assistance claims in this case. We discern no reason the court would not have been required in this case to issue its findings and conclusions.

Accordingly, we vacate the judgment denying post-conviction relief and remand for findings in accordance with Rule 29.15(j).

HOWARD and LOWENSTEIN, JJ., concur.