Stacey SHELTON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 62705.

Missouri Court of Appeals,
Western District.

March 30, 2004.

Sarah Weber Patel, Appellate Defender Office, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Kaye Spillars and Charnette D. Douglass, Office of Attorney General, Jefferson City, for Respondent.

PAUL M. SPINDEN, Judge.

Stacey Shelton appeals the circuit court's judgment denying his Rule 29.15 motion for post-conviction relief. He contends the circuit court clearly erred when it denied his Rule 29.15 motion without issuing findings of fact and conclusions of law that complied with Rule 29.15(j). The state concedes that the circuit court's findings and conclusions of law were inadequate. Because the circuit court did not make findings in accord with Rule 29.15(j) and because that failure hinders our review of the matter, we vacate the circuit court's judgment and remand the case to the circuit court so it can issue findings and conclusions that satisfy Rule 29.15(j).

■ In denying Shelton's motion for post-conviction relief, the circuit court said:

Having reviewed the cause, the Court finds that the sentencing court was properly vested with valid jurisdiction, that the sentences imposed against the movant were not in excess of the maximum sentences allowed by law, and that there was no denial or infringement of the rights given movant by the Constitution of Missouri or the Constitution of the United States so as to render the judgment subject to collateral attack. The Court recalls and determines that the evidence of the movant's involvement in the criminal offenses for which he was convicted was overwhelming. There was no ineffective assistance of counsel. The Court hereby denies the

movant's request for post-conviction relief.

■ Rule 29.15(j) says, "The court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." " 'There is no ambiguity in this directive and its requirements are not a mere formality.' " *Crews v. State*, 7 S.W.3d 563, 567 (Mo.App.1999) (citation omitted).[1] Although the circuit court is not required to issue itemized findings and conclusions, the findings and conclusions must be sufficient to provide meaningful appellate review. *Id.* "Findings and conclusions cannot be supplied by implication from the court's ruling." *Id.*

At the evidentiary hearing, Shelton presented evidence on his claims that his attorney was ineffective for (1) not calling Crystal Lewis as an alibi witness, (2) not calling Victoria Saunders and Jennifer Courtin as eyewitnesses who did not pick Shelton out of a videotaped lineup, (3) not questioning the detective about his observations regarding Saunders' and Courtin's reaction to the videotaped lineup that included Shelton, and (4) not questioning the victim about her police statement that her attacker was referred to as "B." Pursuant to Rule 29.15(j), the circuit court was required to issue findings of fact and conclusions of law on these allegations of counsel's ineffectiveness. The circuit court did not provide sufficient findings of fact to allow for meaningful appellate review. Hence, we vacate the circuit court's judgment denying Shelton's motion for post-conviction relief and remand the case to

---

1. The Crews court identified five instances in which findings of fact and conclusion of law are not necessary: (1) the case presents only issues of law, (2) the circuit court overlooks and fails to enter a proper conclusion of law on an isolated issue but the movant clearly is entitled to no relief as a matter of law and will suffer no prejudice by being denied a remand, (3) the circuit court grants a hearing on the motion and the movant does not present substantial evidence to support the motion's allegations, (4) issues were not properly raised or are not cognizable in a post-conviction motion, and (5) the motion is insufficient and, therefore, ineffective. 7 S.W.3d at 568. This case does not involve any of these situations.

the circuit court so that it can issue findings of fact and conclusions of law that comply with Rule 29.15(j). *See Smith v. State,* 118 S.W.3d 691 (Mo.App.2003).

LISA WHITE HARDWICK, Presiding Judge, and THOMAS H. NEWTON, Judge, concur.