**Ronnell M. ESCOE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 62784.

Missouri Court of Appeals,
Western District.

April 20, 2004.

Sarah Weber Patel, Assistant Appellate Defender, Kansas City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Eaton, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before LOWENSTEIN, P.J., and SMITH and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

Ronnell M. Escoe appeals from the trial court's denial of his Rule 29.15 motion for post-conviction relief after an evidentiary hearing. Escoe argues, and the State concedes, that the motion court failed to issue findings of fact and conclusions of law on the issue presented as required by Rule 29.15(j), thereby denying him the opportunity for meaningful appellate review. We agree. The judgment is vacated and the case is remanded to the motion court for the adoption of findings of fact and conclusions of law in accordance with Rule 29.15(j).

## Discussion

On September 20, 1999, Keith McClelland, Ida Lanell Moore, and John McLallen reported to the police that Escoe and two other people had robbed them at gunpoint while they were pushing a stalled truck down Independence Avenue. As a result, Escoe was arrested and charged with three counts of robbery in the first degree and three counts of armed criminal action. All three victims testified against Escoe at his trial. During McClelland's testimony, he testified that he could not identify Escoe as one of the robbers. McClelland further testified that when he told the police Escoe was one of the robbers, it was not the truth. Nevertheless, a jury found Escoe guilty on all counts, and the trial court sentenced him to concurrent sentences totaling thirty years in prison.[1]

After this court affirmed the judgment entered upon his conviction on direct appeal, *State v. Escoe*, 78 S.W.3d 170 (Mo. App. W.D.2002), Escoe timely moved for post-conviction relief under Rule 29.15. The court appointed counsel, who timely filed an amended Rule 29.15 motion, in which it was argued that Escoe's trial attorney, John Price, provided ineffective assistance of counsel when he failed to present at the sentencing hearing a signed affidavit from victim Keith McClelland. McClelland stated in the affidavit that "the statement [he] gave the police on their report was incorrect. The statement [he] made about reconizing [sic] the robbers were untrue, because [he] could not see

---

1. Due to the necessity that we remand for further findings and conclusions of law, we provide only a brief summary of this case's factual background relevant to Escoe's post-conviction claim.

clear enough but [he knew] Ronnell Escoe did not rob [him]." The court conducted an evidentiary hearing on the allegation.

On March 31, 2003,[2] the motion court issued its judgment denying Escoe's motion for post-conviction relief, stating as follows:

From a judgment of conviction the movant has filed a motion for post-conviction relief pursuant to Rule 29.15. Evidence was heard on the pro se and amended motions on February 7, 2003. The movant was granted leave to file the trial transcript after the hearing and the Court took the cause under advisement.

The Court now finds that the sentencing court was properly vested with jurisdiction and that sentences imposed were not in excess of the maximum sentences authorized by law. There was no denial or infringement of the rights given movant by the Constitution of Missouri or the Constitution of the United States so as to render the judgment subject to collateral attack. The movant's pleadings and evidence failed to establish an entitlement to post-conviction relief. Rule 29.15(j).

### ORDER AND JUDGMENT

Movant's motion for post-conviction relief is hereby denied.

On April 4, 2003, Escoe filed a "Motion to Modify Findings of Fact and Conclusions to Comply with Rule 29.15(j)." On April 15, 2003, the motion court entered its order summarily overruling Escoe's Motion to Modify. On May 6, 2003, Appellant filed his notice of appeal to this court in the Jackson County Circuit Court. A week later, on May 13, 2003, the motion court sent the parties a letter, which stated as follows:

The Court notes that the movant has filed a Notice of Appeal to the Missouri Court of Appeals Western District. The Court of Appeals has recently referred a matter for entry of more specific findings of fact and conclusions of law. I would anticipate that a similar reference will be made in this case. You may wish to call your request for reference to the attention of the Court of Appeals at this stage in order that the reference order can be entered sooner rather than later.

Indeed, Rule 29.15(j) requires that "[t]he court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." The judgment in this case is nearly identical to the judgment vacated and remanded by this court in *Smith v. State*, 118 S.W.3d 691, 693 (Mo.App. W.D.2003). In *Smith*, 118 S.W.3d at 693–94, after setting forth the requirements of Rule 29.15(j), we explained:

"There is no ambiguity in this directive and its requirements are not a mere formality." *Crews v. State*, 7 S.W.3d 563, 567 (Mo.App. E.D.1999) (citations omitted). The court is not required to issue *itemized* findings and conclusions, but rather the findings and conclusions must be sufficient to permit meaningful appellate review. *Id.* "Findings and conclusions cannot be supplied by implication from the court's ruling." *Id.*

Although Rule 29.15 requires findings and conclusions for all issues presented, not every failure to enter a finding or conclusion for an issue requires reversal and remand. *Id.* at 567–68. In *Crews*, the court offered "five possible excep-

---

2. The parties state that the judgment was entered on March 27, 2003, when the judge signed it, but it was not file-stamped until March 31, 2003. Rule 74.01(a) ("A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed.").

tions" to the requirement of findings and conclusions: (1) no finding of fact is necessary where the only issue is one of law, but the court must still enter a conclusion of law; (2) an appellate court will not order a useless remand to direct the court to issue a proper conclusion of law on an isolated issue where it is clear that the movant is entitled to no relief as a matter of law and will suffer no prejudice by denying a remand; (3) findings and conclusions are not required on an allegation if the court grants a hearing on the motion and the movant fails to present substantial evidence at the hearing to support that allegation; (4) findings and conclusions are not required for issues that were not properly raised or are not cognizable in a post-conviction motion; and (5) reversal is not required if the motion itself was insufficient. *Id.* at 568; *see also Bowens v. State*, 18 S.W.3d 118, 120–21 (Mo.App. E.D.2000).

The issue raised by Escoe in his Rule 29.15 motion is not one of law. Nor do any of the above exceptions apply to his claim so as to except this case from Rule 29.15(j)'s requirement that the motion court issue findings of fact and conclusions of law to allow for meaningful appellate review. Accordingly, we vacate the judgment denying Escoe's motion for post-conviction relief and remand for findings of fact and conclusions of law in accordance with Rule 29.15(j).

LOWENSTEIN, P.J., and SMITH, J., concur.