**Karel M. SAMMONS,**
**Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 84438.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 11, 2005.

773

Nancy A. McKerrow, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Jefferson City, MO, for respondent.

**OPINION**

BOOKER T. SHAW, Judge.

Karel M. Sammons ("Movant") appeals from the motion court's judgment denying his post-conviction relief motion pursuant to Rule 29.15 after an evidentiary hearing. In his sole point on appeal, Movant contends the motion court clearly erred in failing to issue findings of fact and conclusions of law on his claim that his counsel was ineffective for failing to cross-examine Officer Michael Beilsmith about how he conducted the photographic line-up for the confidential informant. The State concedes error and asks this Court to remand this issue to the motion court for findings of fact and conclusions of law.

Movant was convicted of two counts of the Class B felony of delivery or sale of a controlled substance. Movant appealed from this judgment and this Court reversed his conviction for Count II, but affirmed his conviction for Count I. *State v. Sammons*, 93 S.W.3d 808, 812 (Mo.App. E.D.2002). The underlying facts of Movant's conviction are set forth in detail in that opinion. In summary, Movant sold crack cocaine to a confidential informant, who later identified Movant from a photographic line-up.

█ Movant filed a timely *pro se* motion for post-conviction relief under Rule 29.15. His counsel filed an amended motion in which Movant raised three claims. In claims one and two, Movant raised claims concerning the jury selection process in Marion County. In his third claim, Movant asserted his counsel was ineffective for failing to cross-examine Officer Michael Beilsmith about how he conducted the photographic line-up for the confidential informant. The motion court failed to address Movant's third claim and Movant appeals.

█ Rule 29.15(j) provides that the motion court "shall issue findings of fact

and conclusions of law on all issues presented, whether or not a hearing is held." Findings and conclusions cannot be supplied by implication, but must be provided explicitly. *Barry v. State*, 850 S.W.2d 348, 350 (Mo. banc 1993). Findings and conclusions must be sufficient to permit meaningful appellate review. *Crews v. State*, 7 S.W.3d 563, 568 (Mo.App. E.D.1999). This Court has recognized five exceptions to Rule 29.15(j). *Id.* The exceptions are: (1) no finding of fact is necessary where the only issue is one of law; (2) no conclusion of law is necessary on an isolated issue where it is clear movant is entitled to no relief; (3) no findings or conclusions are necessary if the movant fails to present substantial evidence at an evidentiary hearing to support the allegation; (4) no findings or conclusions are required upon issues not properly raised or not cognizable in a post-conviction motion; and (5) no findings or conclusions are required where the motion itself is insufficient. *Id.*

Here, the motion court never mentioned Movant's claim regarding his counsel's failure to cross-examine about the photographic line-up. Movant offered evidence about this issue in his direct examination of his trial counsel at the evidentiary hearing. In addition, none of the exceptions outlined in *Crews* appear to apply to Movant's case. Without findings of fact and conclusions of law, there is nothing for this court to review. Therefore, the motion court did err in failing to provide findings of fact and conclusions of law on this issue. Point granted.

We reverse in part and remand to the motion court for findings of fact and conclusions of law in accordance with Rule 29.15(j) on Movant's claim that his counsel was ineffective for failing to cross-examine Officer Michael Beilsmith about how he conducted the photographic line-up for the confidential informant. The judgment of the motion court is affirmed in all other respects.

GARY M. GAERTNER, SR., P.J., and SHERRI B. SULLIVAN, J., Concur.