Shannon GRIFFITH, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 88930.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 25, 2007.

Gwenda R. Robinson, District Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Assistant Attorney General, Jefferson City, MO, for respondent.

ROY L. RICHTER, Presiding Judge.

Shannon Griffith ("Movant") appeals the judgment denying his Rule 29.15 motion without an evidentiary hearing. We affirm in part and remand in part.

## I. BACKGROUND

Movant was charged with ten counts of child molestation in the first degree, three counts of sexual misconduct in the first degree, and one count of child molestation in the second degree. These charges resulted from Movant's interaction with four children ranging in age from seven to twelve years. At trial, each child victim testified to the acts committed by Movant and a detective ("Detective") testified regarding her interviews with the child victims and the police investigation against Movant.

At the close of the evidence, the State dismissed two counts of first-degree child molestation. The jury found Movant guilty on ten counts and not guilty on two counts. The trial court sentenced Movant

to thirty-eight years of imprisonment. On direct appeal, this Court affirmed Movant's conviction and sentence. *State v. Griffith*, 160 S.W.3d 406, 407 (Mo.App. E.D.2005).

Movant sought post-conviction relief under Rule 29.15. The motion court denied relief without an evidentiary hearing, entering findings of fact and conclusions of law on three of Movant's four claims of ineffective assistance of trial counsel.

## II. DISCUSSION

■ In reviewing the denial of a post-conviction motion under Rule 29.15, we must determine whether the motion court's findings of fact and conclusions of law were clearly erroneous. *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). The motion court's findings and conclusions will be deemed clearly erroneous only if, after reviewing the record, this Court is left with the definite and firm impression that a mistake has been made. *Id.* Moreover, a movant is entitled to an evidentiary hearing on a motion for post-conviction relief only if: (1) he alleges facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of prejudiced the movant. *Simmons v. State*, 100 S.W.3d 143, 145 (Mo.App. E.D.2003).

■ Movant raises four points on appeal. In his first point, Movant argues that the trial court erred in failing to issue specific findings of fact and conclusions of law on one of his claims for post-conviction relief. Specifically, Movant asserts the trial court erred in not addressing his claim that trial counsel was ineffective for failing to object during the state's closing argument when the prosecutor stated:

"And he's the one by his own admission to being a convicted sex offender[1] . . . .

---

1. Movant testified that he had previously been convicted of deviate sexual assault with a sixteen-year-old girl.

You've got to be able to find him guilty, put him in prison where he belongs and get him out of society because as soon as he gets out he's going to be starting all over again. Identify a vulnerable person, build trust, get them to love me."

We agree.

■ Rule 29.15 requires a court to make findings of fact and conclusions of law on all issues properly raised by a movant. *White v. State*, 939 S.W.2d 887, 903 (Mo. banc 1997). However, five exceptions exist in which a failure to enter findings of fact and conclusions of law will not result in reversal and remand. *Crews v. State*, 7 S.W.3d 563, 568 (Mo.App. E.D.1999). First, if the only issue is one of law, the motion court is only required to make conclusions of law and no findings of fact are necessary. *Id.* Here, the motion court did not make conclusions of law and so this exception does not apply. Second, where the motion court holds a hearing on a movant's claim, and the movant does not introduce substantial evidence to support that claim, findings of fact and conclusions of law are not necessary. *Id.* Here, the motion court did not grant a hearing and so this exception does not apply. Third, "findings and conclusions are not required upon issues which were not properly raised or are not cognizable in a post-conviction motion." *Id.* Here, Movant's allegations were properly raised and are cognizable in a post-conviction relief motion. Fourth, reversal is not required where the motion for post-conviction relief was deficient and therefore invalid. *Id.* This exception is also not applicable as the motion was not deficient.

Finally, remand is not required when the motion court fails to enter findings of fact and conclusions of law on an isolated issue, and it is clear from the record that the movant is entitled to no relief as a matter of law, and denial of remand will not result in any prejudice to the movant. *Id.* The State argues this exception applies. However, we find that this is not an isolated issue and that the exception does not apply. Because none of the five exceptions are present, we remand on this point so that the trial court may enter specific findings of fact and conclusions of law. Point granted.

In his second point, Movant alleges the motion court erred in denying his motion for post-conviction relief without an evidentiary hearing because trial counsel was ineffective for eliciting and failing to move to strike Detective's testimony that children the age of the child victims do not usually lie about sexual abuse. We disagree.

■ Trial counsel asked Detective, "[D]id you ever try to find out if [Mother[2]] was lying about anything?" In response, Detective stated, "Usually a child this age does not lie about sexual touching." Later, during a side bar, trial counsel explained that this question was intended to show that Mother had fabricated the allegations against Movant to obtain money and to protect her brother.[3]

■ Trial counsel's discussion with the court demonstrates that counsel's line of questioning was part of a defined trial strategy. Reasonable trial strategy decisions cannot form the basis of an ineffective assistance of counsel claim. *Goodwin v. State*, 191 S.W.3d 20, 25 (Mo. banc.2006).

---

**2.** "Mother" refers to the mother of one of the child victims

**3.** Counsel indicated that Mother had a motive to fabricate the allegations against Movant because her brother, who lived with her, "had a history of being prosecuted for child molestation."

■ Moreover, the record shows that trial counsel was not ineffective for failing to move to strike Detective's response as trial counsel was attempting to demonstrate the police investigation was incomplete. Later, an expert witness testified that police officers have an obligation to investigate whether children involved in child molestation cases are telling the truth. Because Detective testified that she thought child victims usually do not lie, her words fulfilled a strategic purpose, highlighting a lack of investigation. Therefore, the record supports the motion court's determination that counsel's actions, both in eliciting testimony and in failing to move to strike, were matters of reasonable trial strategy. Accordingly, the motion court did not clearly err in denying Movant's post-conviction relief based on ineffective assistance of counsel. Point denied.

■ In his third point, Movant alleges that the motion court erred in denying post-conviction relief without an evidentiary hearing in that counsel was ineffective because he elicited testimony from the Detective about the child victims' prior statements made to assessment center interviewers and he moved to admit Detective's notes. We disagree.

Parties are entitled to impeach a witness by introducing prior inconsistent statements. Section 491.074 RSMo (2000); Section 536.070 RSMo (2000). Here, the record shows that counsel's actions were designed to impeach the victim's testimony with prior inconsistent statements and to highlight flaws in the police investigation, a particular trial strategy. Reasonable trial strategy decisions cannot form the basis of an ineffective assistance of counsel claim. *Goodwin v. State*, 191 S.W.3d 20, 25 (Mo. banc 2006). Therefore, the motion court did not clearly err in denying Mov-

ant's claim for post-conviction relief without an evidentiary hearing. Point denied.

■ Finally, Movant contends the motion court erred in denying post-conviction relief without an evidentiary hearing because trial counsel was ineffective for failing to object when the prosecutor told the jury in closing argument that he had dismissed two counts that he believed were not proven. We disagree.

■ To establish a claim of ineffective assistance of counsel for failure to object, such objection must be meritorious. *Dodds v. State*, 60 S.W.3d 1, 5 (Mo.App. E.D.2001). While a prosecutor may not argue facts outside the record, a prosecutor may "make statements that indicate his opinion of the defendant's guilt, where it is apparent that the opinion is based on evidence in the case." *State v. Strong*, 142 S.W.3d 702, 724 (Mo. banc 2004).

Movant contends that an objection would have been meritorious because the prosecutor argued facts outside the record. However, at the beginning of Movant's trial, the original fourteen charges against Movant were read to the jury. Thus, all charges were within the record. In discussing the dismissal of two charges, the State explained to the jury why the original charges differed from those presented to the jury after the close of evidence. An objection to such a statement would have been non-meritorious. Consequently, the motion court did not clearly err in denying Movant's motion for post-conviction relief without an evidentiary hearing. Point denied.

## III. CONCLUSION

The judgment is affirmed in part and remanded in part so that the trial court

may enter specific findings of fact and conclusions of law on Movant's first point.

CLIFFORD H. AHRENS and GLENN A. NORTON, JJ., Concur.