**STATE of Missouri, Respondent,**

v.

**Ethel May FUNK, Appellant.**

**No. KCD26453.**

Missouri Court of Appeals,
Kansas City District.

Nov. 5, 1973.

Robert G. Duncan, Duncan & Duncan, Gladstone, for appellant.

John C. Danforth, Atty. Gen., Richard E. Vodra, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFARD and WASSERSTROM, JJ.

WASSERSTROM, Judge.

Defendant appeals from a conviction and sentence of four years imprisonment for possession of methamphetamine hydrochloride. This is a companion case to State v. Othel Leroy Funk, 490 S.W.2d 354 (Mo. App.1973), in which this court reversed a similar conviction of defendant's husband arising from the same factual situation, on the ground that the conviction rested upon evidence obtained by an illegal search and seizure. Defendant asks that her conviction likewise be reversed on the same ground.

Although defendant was tried separately from her husband, the evidence in the two cases is virtually identical and need not be repeated here. For the same reasons that the search and seizure was held illegal in the husband's case, so also the same search and seizure must be condemned in this case.

The State does, however, present one new argument here which it did not argue in the husband's case. Even though this comes as a very late after-thought, it will be considered.

In the husband's case, we held that the search warrant obtained by the police was not authorized by statute and was therefore not legally effective. That opinion held in part that § 195.135 RSMo 1969, V.A.M.S., prior to the 1971 amendment, authorized only the search for and seizure of "narcotic drugs", and that methamphetamine hydrochloride did not come within the definition of "narcotic drug" as was set forth at that time in § 195.010(17), RSMo 1969, V.A.M.S. The State now, for the first time, challenges that conclusion by resorting to the last part of that statutory definition which includes as a narcotic drug "any other drugs to which the federal laws relating to narcotic drugs may now apply." The argument which now belatedly occurs to the State is that Congress rather drastically amended the federal drug control laws in 1970; that the new statute, 21 U.S.C.A. § 812, established five different schedules of "controlled substances"; that methamphetamine hydrochloride is listed in Schedule III, as are also certain narcotic drugs; and that methamphetamine hydrochloride was thereby brought within the last clause of the former Missouri § 195.010(17).

 This tenuous and confusing argument fails to persuade for a number of reasons, of which only two need be mentioned. In the first place, the clause in question referred only to federal laws which "now apply", meaning those federal laws in effect at the time § 195.010 was enacted. That section was last amended, prior to the issuance of the search warrant in this case, in 1957. Therefore, § 195.010 did not adopt by reference a federal statute which was not enacted until thirteen years later.

Secondly, the intention of the statutory clause in question was to make a "narcotic" for State purposes every drug so considered for federal purposes. Consequently, if a drug is not considered a narcotic for federal purposes, it cannot become so for Missouri purposes by this "borrowing" provision. By reason of the definition of "narcotic drug" contained in Federal statute as amended in 1970, 21 U.S.C.A. § 802(16), methamphetamine hydrochloride does not meet the qualification of a narcotic drug for federal purposes. Therefore, it cannot be a narcotic drug under the "borrowing clause" of § 195.010(17).

The judgment is reversed and the cause remanded.

All concur.