STATE of Missouri, Respondent,

v.

Gregory ORIS, Appellant.

Gregory ORIS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 48074, WD 49413.

Missouri Court of Appeals,
Western District.

Jan. 17, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 28, 1995.

Rosalynn Koch, Office of the State Public
Defender, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas
City, for respondent.

Before SPINDEN, P.J., and
LOWENSTEIN and ELLIS, JJ.

SPINDEN, Presiding Judge.

Gregory Oris appeals his convictions of
felony stealing and possession of a controlled
substance. In a bench-tried case, the trial
court found him guilty of stealing Valium
from a pharmacy in Sedalia where he was a
pharmacist. He contends that the state's
information wrongly accused him of stealing
a "narcotic drug" because Valium does not
meet the statutory definition of a narcotic.
We agree and remand for resentencing.

Oris also filed a motion pursuant to Rule
29.15 seeking post-conviction relief. He com-
plains in this appeal of the motion court's
denial of his motion that the court did not
make sufficient findings of fact to permit a
meaningful appellate review. We disagree
and affirm the motion court's denial of his
motion.

Oris' convictions result from an incident at
Osco Drug in Sedalia on July 12, 1991. The
store's manager, viewing a security monitor,
saw Oris lift his pants' leg and put a vial in
his sock. When Oris left the store, the man-
ager confronted him. The manager asked
him to turn over the vial in his sock. On the
vial was a label identifying its contents as
Valium prescribed for Christie Oris, his wife.
The manager called police.

Officers did a "pat-down" search of Oris. They found several medicine bottle labels in his rear pocket. The drug labels indicated medications purportedly prescribed for Christie Oris, Linda Carter, and Carol McCormack. Oris told officers that he was taking the Valium to his wife. He said that he put it in his sock because he did not have money to pay for it and planned to pay the next day.

■ In his first of two points on appeal, Oris complains that the trial court erred in overruling his motion for judgment of acquittal because the state's charge was not supported by the evidence. The state charged Oris with a class C felony pursuant to § 570.030.3(3)(k), RSMo Supp.1993, which mandates that stealing be elevated to a felony if "[t]he property appropriated consists of ... [a]ny narcotic drugs as defined by section 195.010, RSMo; otherwise, stealing is a class A misdemeanor." Section 195.010(27) defines "narcotic drug:"

[A]ny of the following, whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical analysis:

(a) Opium, opiate, and any derivative, of opium or opiate, including their isomers, esters, ethers, salts, and salts of isomers, esters, and ethers, whenever the existence of the isomers, esters, ethers, and salts is possible within the specific chemical designation. The term does not include the isoquinoline alkaloids of opium;

(b) Coca leaves, but not including extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed;

(c) Cocaine or any salt, isomer, or salt of isomer thereof;

(d) Ecgonine, or any derivative, salt, isomer, or salt of isomer thereof;

(e) Any compound, mixture, or preparation containing any quantity of any substance referred to in paragraphs (a) to (d) of this subdivision[.]

The state acknowledges that Valium, diazepam, does not appear to fit in § 195.010(27)'s definition of "narcotic drug."

The state contends, however, that the General Assembly would not have intended to make stealing some controlled substances a felony, but not others. The state also argues that Missouri courts have described § 570.030.3(3)(k) as proscribing "stealing a controlled substance" and cites *State v. Villa–Perez,* 835 S.W.2d 897, 904 (Mo. banc 1992), and *Wright v. State,* 764 S.W.2d 96, 97 (Mo.App.1988). It cites cases referring to diazepam as a narcotic: *State v. Norwood,* 721 S.W.2d 175, 177 (Mo.App.1986), and *Branstuder v. State,* 609 S.W.2d 460, 462 (Mo.App.1980). We reject these contentions.

This court held in *State of Missouri v. Funk,* 501 S.W.2d 526, 527 (Mo.App.1973), that the General Assembly, by specifying certain drugs in § 195.010 as narcotic drugs, intended to exclude from the term any drug not meeting the specifications. This was true, the *Funk* court concluded, although the drug in question was recognized by federal authorities as a narcotic drug. Indeed, a maxim of statutory construction provides that a statute's express mention of one thing implies the exclusion of another. *Harrison v. MFA Mutual Insurance Company,* 607 S.W.2d 137, 146 (Mo. banc 1980). Hence, to the suggestion that the General Assembly would not have intended to exclude Valium as a narcotic because it is a controlled substance, we respond that the statute's inescapable implication is that the General Assembly intended precisely that.

■ As for the state's contentions that the courts' characterization of Valium as a narcotic and a charge under § 570.030(3) as stealing a controlled substance somehow effectuated a modification of the statute to include more than the General Assembly intended, the argument is meritless. Courts do not have authority to read into a statute a legislative intent contrary to the intent made evident by the statute's plain language. *Kearney Special Road District v. County of Clay,* 863 S.W.2d 841, 842 (Mo. banc 1993). Although the courts have made such general characterizations in describing the facts of cases, they have never held that Valium was

a narcotic as defined in § 195.010(27) or that stealing any controlled substance was sufficient to satisfy § 570.030(3). The cases cited by the state serve nothing more than to illustrate that the courts can at times be less than precise. The courts "may not engraft upon the statute provisions which do not appear in explicit words or by implication from other language in the statute." *Wilson v. McNeal*, 575 S.W.2d 802, 810 (Mo.App. 1978).

The state then argues that in Chapter 195 the General Assembly used "narcotic drugs" and "substances" interchangeably. Assuming, *arguendo*, that this is correct, we fail to discern any significance to the point. Had the General Assembly used the terms interchangeably in § 570.030, the point might have some significance, but the General Assembly did not. It made clear its intent that the only substances falling within the parameters of § 570.030.3(3) were those satisfying the precise definition of § 195.010(27).

■ The state's final assertion is that we should conclude that the jury convicted Oris of a misdemeanor which is a lesser included offense of felony stealing under § 570.030.3(3)(k). The statute's syntax is confusing. The statute provides that stealing is a class C felony if "[t]he property appropriated consists of . . . [a]ny narcotic drugs as defined by section 195.010, RSMo; otherwise, stealing is a class A misdemeanor." To what situation does "otherwise" refer? To any *drugs* which do not fall within § 195.010's definition of narcotic drugs? Although the General Assembly tacked the phrase onto the end of § 570.030.3(3)(k) and thereby suggested that it refers only to drugs, this court's Southern District concluded that it referred to all of § 570.030.3 and any property not meeting the conditions for a felony set out in the statute. *State v. Dowdy*, 774 S.W.2d 504, 506 (Mo.App.1989) (considering the theft of automobile tires and wheels). Either way, because Oris concedes that Valium was a Schedule IV controlled substance, his theft of it constituted a class A misdemeanor.

Thus, because the state failed to establish an essential element—narcotic drug as defined by § 195.010—the state did not meet its burden of proving felony stealing. It did establish, however, misdemeanor stealing. The Supreme Court of Missouri has instructed:

> Where a conviction of a greater offense has been overturned for insufficiency of the evidence, the reviewing court may enter a conviction for a lesser offense if the evidence was sufficient for the jury to find each of the elements and the jury was required to find those elements to enter the ill-fated conviction on the greater offense.

*State v. O'Brien*, 857 S.W.2d 212, 220 (Mo. banc 1993). *See State v. Tung Van Nguyen*, 880 S.W.2d 627, 636 (Mo.App.1994). Hence, we remand the case to the trial court so it can resentence Oris for the lesser offense.

■ In his second point, Oris complains that the court failed to enter sufficient findings of fact and conclusions of law in response to his Rule 29.15 motion. After Oris waived a hearing on his motion, the court made this entry on its docket sheet:

> This cause having been submitted to the Court for ruling upon the pleadings, the Court now considers the same and finds that [defendant's] allegations are based solely upon the weight and credibility of the evidence adduced at trial and considered by the trial Court. Accordingly, no grounds of relief have been stated by [defendant] which cannot be addressed upon [defendant's] appeal now pending in the Missouri Court of Appeals, Western District. Motion denied.

Oris complains that, contrary to Rule 29.15(i)'s requirement of "findings of fact and conclusions of law on all issues presented," the motion court stated only a procedural history of the case "and did not even list the claims raised in [Oris'] *pro se* motion[.]" Oris raised three points in his motion: (1) that his attorney "never spent any time on the case"; (2) the state's principal witness committed perjury; and (3) Oris' evidence established that his taking the Valium was lawful.

Oris' point is without merit. "[U]nless the appellant is entitled to relief as a matter of law, deficiencies in the findings of fact and

conclusions of law do not require a remand for additional findings and conclusions." *State v. Simmons,* 875 S.W.2d 919, 924 (Mo. App.1994). "[F]indings of fact and conclusions of law are sufficient, even if sparse, if they permit meaningful appellate review of the judgment." *State v. Cooper,* 811 S.W.2d 786, 791 (Mo.App.1991). "Missouri law does not require that the trial court enter itemized findings of fact and conclusions of law." *State v. Turner–Bey,* 812 S.W.2d 799, 809 (Mo.App.1991). Findings of fact and conclusions of law are not deficient merely because they do not specifically address every contention made in the Rule 29.15 motion.

Oris contended in his motion:

My lawyer told me he thought I was guilty—in spite of evidence that clearly showed my innocen[c]e. He never spent any time on the case—called the day before an important court date to say maybe—never called back—we had to check. The evidence we have to show the manager committed perjury in court and the unemployment (which we won) was ignored. It should've been simple to prove my innocen[c]e with the evidence—also all the[y] kept bringing up was the Alford Plea in St. Louis not explaining it as it was. The Drs. testimony clearly showed the prescription was legal & we had the receipt. The manager perjured himself we can prove it! And much more. I had totally ineffective counsel. This case is complicated & the *Real* facts were never brought out.

As the trial court noted, two of the points raised in Oris' motion concerned witness credibility, and these issues could have been raised on direct appeal. "Generally, a claim of error which could or should have been raised on direct appeal is not cognizable in a post-conviction motion proceeding." *Richardson v. State,* 773 S.W.2d 858, 860 (Mo. App.1989). The exception to this rule is a case in which the movant presents a "rare or exceptional circumstance," *id.,* and Oris' points do not present a rare or exceptional circumstance.

Oris also accused his attorney of inadequate preparation. The record belies this accusation. The attorney pursued pretrial discovery, filed pretrial motions to suppress evidence, sought a change of venue, and called three witnesses for Oris. Oris made similar complaints before trial began. When he was asked for details concerning his displeasure with his attorney's work, he said that his attorney had not obtained all of the evidence he should have. The evidence to which he referred, however, was either totally irrelevant or the attorney had already obtained it. His point is without merit.

Oris not only did not seek an evidentiary hearing, he asked the court to rule on his motion without a hearing. He, therefore, would be entitled to relief only if the record conclusively established that he was, as a matter of law, entitled to relief. It does not.

We affirm the court's judgment to deny his Rule 29.15 motion for post-conviction relief. We remand the case to the trial court for it to set aside its judgment of conviction for felony stealing and to enter judgment for misdemeanor stealing and to resentence.

All concur.