Quintin C. GRAY, Sr., Appellant,

v.

STATE of Missouri, Respondent.

No. ED 97667.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 11, 2012.

Lisa M. Stroup, Assistant Public Defender, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, John M. Reeves, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Judge.

*Introduction*

Quintin C. Gray, Sr. ("Gray") appeals from the motion court's denial, without an evidentiary hearing, of his Rule 29.15[1] motion for post-conviction relief. Gray first contends that the motion court erred in denying his motion for post-conviction re-

---

1. All rule references are to Mo. R.Crim. P. (2010).

lief without an evidentiary hearing because trial counsel was ineffective by failing to preserve for appellate review the issue of whether his Fourth Amendment right to be free from unreasonable searches and seizures was violated. Gray also claims that the motion court erred when it did not issue findings of fact and conclusions of law on the second point of his motion for post-conviction relief. In his second point, Gray contends that trial counsel was ineffective when his cross-examination of a witness opened the door to damaging testimony regarding the drug possession and charges made against the person accompanying Gray at the time of his arrest. We affirm the trial court's judgment with regard to Point 1, and remand Point 2 to the trial court for findings of fact and conclusions of law in accordance with Rule 29.15(j).

*Factual and Procedural Background*

When viewed in the light most favorable to the verdict, the following evidence was adduced at trial. On April 16, 2008, Officer Jason Sapienza, Officer Robert Orton, and Officer David Feldmeier of the St. Louis Metropolitan Police Department were investigating complaints of drug sales in an apartment complex at 4200 Meramec in the City of St. Louis. As part of the Tactical Deployment Unit, the officers were not dressed in uniform, but were wearing dark shirts with the word "police" marked across the front and back of the shirt in large, white letters.

On the second floor of the apartment building, Officer Sapienza and Officer Orton observed two men exiting Apartment 2J. When the men saw the police officers, they immediately turned and walked back toward the apartment. One of the men, Gray, put his hand at his right side near his waistband as he turned away from the officers. The movement caused Officer Sapienza to believe that Gray was concealing a weapon in his waistband. Concerned that Gray was armed, Officer Sapienza immediately put him in handcuffs to ensure officer safety. He then conducted a pat-down of Gray's waist, which revealed a loaded gun.

Gray was arrested and subsequently indicted by a grand jury on one felony count of unlawful use of a weapon in violation of Section 571.030 [2] and one misdemeanor count of possession of a defaced firearm in violation of Section 571.050. Gray filed a motion to suppress evidence, seeking to exclude any and all articles seized and intended to be used against him. Gray alleged that the gun was obtained pursuant to an unlawful search and seizure because Officer Sapienza conducted the search without a warrant and without probable cause. Gray further alleged that the search did not fall within the scope of any exception to the warrant requirement because the officers had no reasonable suspicion that criminal activity was underfoot. After a hearing, the trial court denied Gray's motion to suppress.

At trial, the State sought to admit into evidence the gun, the gun's magazine, and the ammunition that was removed from the gun. The only objection made by Gray's counsel regarding the introduction of this evidence related to improper chain of custody, which the trial court overruled. Trial counsel raised no constitutional arguments regarding the admission of this evidence at trial.

On cross-examination, trial counsel asked Officer Sapienza whether there were any complaints regarding narcotics sales from Apartment 2J. Trial counsel also asked Officer Sapienza whether he saw Gray or anyone else selling drugs that day.

**2.** All statutory references are to RSMo. Cum. Supp.2008.

Officer Sapienza answered each question in the negative.

Prior to conducting its redirect examination of Gray, the State contended that trial counsel's questions to Officer Sapienza regarding any drug sales in the building implied the absence of any drugs in the building. As such, the State argued that trial counsel opened the door to allow questions regarding the man who was arrested with Gray and the drugs found in his possession. The trial court agreed. On redirect examination, the State elicited testimony that the man arrested with Gray was arrested for two counts of possession of a controlled substance and one count of possession of drug paraphernalia. During closing arguments, the prosecutor then stated: "Street-level crimes are the things that affect the quality of life in the City of St. Louis, drugs, guns. It starts with drugs and guns. It all starts with drugs and guns, and that unit was out there trying to get them off the street, and they did. . . ."

The jury found Gray guilty of Count I, unlawful use of a weapon. Defendant filed a motion for judgment of acquittal or, in the alternative, motion for a new trial on April 15, 2009. The trial court entered a Memorandum and Order denying Defendant's motion for new trial, finding that the circumstances provided the officers with a reasonable belief that Gray was armed and an "articulable suspicion" that authorized the "investigative stop." The trial court found that because Gray's suspicious behavior suggested he was avoiding the officers and attempting to conceal or reach for an object that could have been a weapon, Officer Sapienza was justified in detaining Defendant.

Gray was sentenced to a term of four years in the Missouri Department of Corrections. On direct appeal, we affirmed Gray's conviction and sentence. *State v. Gray*, 317 S.W.3d 99 (Mo.App. E.D.2010). On December 6, 2010, Gray timely filed a *pro se* motion for post-conviction relief pursuant to Rule 29.15. Thereafter, appointed counsel filed an amended motion, which the motion court denied without an evidentiary hearing. This appeal follows.

### Points on Appeal

Gray presents two points on appeal. First, Gray claims that the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief because trial counsel was ineffective for failing to preserve for appellate review the issue of whether the gun, magazine, and ammunition introduced as evidence at trial were obtained as the result of an unlawful search and seizure. Gray argues that had trial counsel objected to the introduction of the evidence on said constitutional grounds and preserved those grounds for appeal, a reasonable probability exists that this Court would have reversed his conviction on direct appeal.

Second, Gray claims that the motion court clearly erred in denying his motion for post-conviction relief without addressing Gray's second point in its findings of fact and conclusions of law in violation of Rule 29.15(j)[3]. Gray's second point alleged that trial counsel was ineffective for opening the door to testimony regarding the drug possession and charges made against the man with Gray at the time of his arrest. As a result, Gray claims the motion court's judgment must be reversed and remanded for a hearing or, in the

---

**3.** Gray's second point refers to the denial of his Rule 24.035 motion for post-conviction relief. Rule 24.035 applies to "a person convicted of a felony on a plea of guilty." Rule 24.035. Because Gray did not plead guilty, but rather was convicted after a jury trial, Rule 29.15 is the appropriate rule.

alternative, for findings of fact and conclusions of law.

## *Standard of Review*

This Court reviews the denial of a Rule 29.15 motion for post-conviction relief only to determine whether the motion court's findings of fact or conclusions of law are "clearly erroneous." Rule 29.15(k); *Zink v. State,* 278 S.W.3d 170, 175 (Mo. banc 2009). The motion court's findings are presumed correct and will only be overturned if the ruling leaves the appellate court with a "definite and firm impression that a mistake has been made." *Zink,* 278 S.W.3d at 175.

## *Discussion*

**I. Trial counsel was not ineffective for failing to preserve for appellate review the issue of whether the search and seizure was a violation of the Fourth Amendment.**

In his first point, Gray claims that the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief, without an evidentiary hearing, because trial counsel was ineffective for failing to preserve for appellate review the lawfulness of the search and seizure that occurred when the police detained him. Gray claims he was prejudiced because, had counsel timely objected, there was a reasonable probability this Court would have reversed his conviction on appeal.

■ The motion court correctly noted in its order and judgment that the failure of trial counsel to preserve error for appellate review is not cognizable in a Rule 29.15 motion. *Strong v. State,* 263 S.W.3d 636, 646 (Mo. banc 2008). Post-conviction relief for ineffective assistance of counsel is limited to consideration of alleged errors that denied defendant a fair trial. *Id.; see Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

Although Gray's claim that trial counsel was ineffective for failing to preserve an issue for appeal is not cognizable under a Rule 29.15 motion for post-conviction relief, Gray could have characterized this point by arguing that, had trial counsel objected at trial to the admission of the gun on Fourth Amendment grounds, there was a strong likelihood the evidence would have been excluded, and that the jury would likely have acquitted him. Were we to find that trial counsel's inaction possibly impacted the fairness of Gray's trial, Gray would be entitled to post-conviction relief, but only if Gray proved by a preponderance of the evidence that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and that the deficient performance prejudiced him. *Anderson v. State,* 196 S.W.3d 28, 33 (Mo. banc 2006) (*citing Strickland v. Washington,* 466 U.S. 668, 687–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

■ To satisfy the performance prong of the *Strickland* test, a movant must overcome a strong presumption that counsel's conduct was reasonable. *Zink,* 278 S.W.3d at 176; *Anderson,* 196 S.W.3d at 33. To satisfy the prejudice prong of the *Strickland* test, a movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). We will

not deem counsel ineffective for failing to object to admissible evidence. *State v. Neal*, 849 S.W.2d 250, 258 (Mo.App. W.D. 1993) (*citing State v. Hunter*, 840 S.W.2d 850, 870 (Mo. banc 1992)).

 A recognized exception to the requirement that a police officer obtain a warrant prior to searching an individual allows police to stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion, based on articulable facts, that criminal activity may be afoot. *State v. Peery*, 303 S.W.3d 150, 154 (Mo.App. W.D.2010) (*citing Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). When determining the existence of reasonable suspicion, "the facts and inferences on which an officer acts need not exclude every possible interpretation other than criminal activity." *Id.* (*citing State v. Lanear*, 805 S.W.2d 713, 716 (Mo.App. W.D.1991)). The determination of reasonable suspicion is based on common sense judgments and inferences about human behavior. *Id.* This includes "allow[ing] officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." *Id.* (*citing United States v. Arvizu*, 534 U.S. 266, 273–74, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002)); *see also State v. Hernandez*, 954 S.W.2d 639, 642 (Mo.App. W.D.1997) ("In reviewing for reasonable suspicion in street encounters, courts may consider a police officer's trained instinctive judgment operating on a multitude of small gestures and actions impossible to reconstruct." (internal quotations omitted)). Where an officer has reason to believe that he is dealing with an armed and dangerous individual, he may conduct a reasonable search for weapons for the protection of the police officer, regardless of whether he has probable cause to arrest

the individual for a crime. *Terry*, 392 U.S. at 27, 88 S.Ct. 1868.

Gray asserts that trial counsel's failure to object to the constitutionality of Officer Sapienza's search of him allowed the gun, magazine, and ammunition that were seized to be introduced at trial. Gray claims he was prejudiced by trial counsel's failure. We are not persuaded.

 Trial counsel was not ineffective for failing to raise an objection at trial to the constitutionality of Officer Sapienza's search of Gray and subsequent seizure of the gun and ammunition because an objection would not have been meritorious. *See Zink*, 278 S.W.3d at 188 ("Mere failure to object is not ineffective assistance of counsel, and trial counsel is not ineffective for failing to make non-meritorious objections.") (citation omitted). We reject Gray's argument that his Fourth Amendment right to be free from unreasonable search and seizure was violated. *See Kimmelman*, 477 U.S. at 375, 106 S.Ct. 2574. Before trial, counsel filed a motion to suppress evidence, which was heard and denied. The trial court again reconsidered the issue when it ruled on Gray's motion for judgment of acquittal, or in the alternative, motion for new trial. Once again, the trial court denied Gray's motion, finding that, under the circumstances, Officer Sapienza's actions were lawful because he had a reasonable basis to believe that Gray was armed. On direct appeal, this Court did not find that the trial court plainly erred when it denied Gray's motion to suppress and admitted the gun, magazine, and ammunition into evidence. We are not convinced that the outcome of Gray's appeal would have been different even if this Court had not been limited to plain error review.

While walking down the hallway, the officers had on shirts with "police" written in large, white letters. As Gray exited an

apartment, he saw the police and then turned away from them, as if to return to the apartment. Officer Sapienza saw Gray immediately position his hand at his waistband. Those specific movements suggested to Officer Sapienza, based on his experience and specialized training, that Gray was concealing a gun. Believing Gray was armed, Officer Sapienza was allowed under *Terry* to conduct a reasonable search for weapons. The record includes sufficient facts to indicate that Officer Sapienza had the requisite reasonable suspicion based on articulable facts to conduct a *Terry* stop. Even if this Court had not been limited to plain error review on Gray's direct appeal, the outcome of the case would not have been different.

Trial counsel was not ineffective for failing to object to the constitutionality of the search and seizure that occurred when police detained Gray. For the reasons stated above, such an objection would not have been meritorious. Trial counsel is not ineffective for failing to make a non-meritorious objection. *See Zink*, 278 S.W.3d at 188. Accordingly, the motion court did not clearly err in denying Gray's Rule 29.15 motion for post-conviction relief without an evidentiary hearing. Point one is denied.

## II. The motion court erred in failing to issue findings of fact and conclusions of law for Gray's second point in his motion for post-conviction review.

■ In his second point on appeal, Gray argues that the motion court clearly erred in denying his motion for post-conviction relief without addressing his second point in its findings of fact and conclusions of law in violation of Rule 29.15(j). Gray's second point argues that counsel was ineffective for opening the door to testimony that the man accompanying Gray at the time of his arrest was also arrested and

charged with two counts of possession of a controlled substance and one count of possession of drug paraphernalia. Gray contends that Rule 29.15(j) requires the motion court in a post-conviction proceeding to issue findings of fact and conclusions of law on all issues presented.

In its Memorandum, Order and Judgment, the motion court analyzed Gray's first point in his amended motion, but made no findings of fact and conclusions of law regarding the second point. The motion court incorrectly stated that Gray's amended motion "alleges a single claim: trial counsel was ineffective in failing to preserve the issue of the validity of the search of Gray leading to the seizure of the concealed weapon." In fact, Gray presented two issues in his motion for post-conviction review.

■ Rule 29.15(j) states that "[t]he court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Rule 29.15(j). This unambiguous directive is not a "mere formality." *Crews v. State*, 7 S.W.3d 563, 567 (Mo.App. E.D.1999) (*quoting State v. Deprow*, 937 S.W.2d 748, 751 (Mo.App. S.D.1997)). While the motion court need not list itemized findings of fact and conclusions of law, its findings and conclusions must be sufficient to permit meaningful appellate review. *Id.* (*citing Boxx v. State*, 857 S.W.2d 425, 429 (Mo. App. E.D.1993); *State v. Oris*, 892 S.W.2d 770, 773 (Mo.App. W.D.1995)). "The absence of findings or conclusions giving the basis of the trial court's action leaves an appellate court in the dark as to the reasons for the trial court's action and presents nothing of substance to review." *Id.* (*quoting Deprow*, 937 S.W.2d at 751).

■ This Court in *Crews* recognized five possible exceptions to the requirement for findings and conclusions. First, no finding of fact is necessary where

the only issue is one of law, provided that the motion court actually enters a conclusion of law. *Crews*, 7 S.W.3d at 568. Second, an appellate court will not order a useless remand to direct the motion court to enter a proper conclusion of law on an isolated issue that is overlooked by the motion court, where it is clear that the movant is entitled to no relief as a matter of law and will suffer no prejudice by being denied a remand. *Id.* Third, no findings and conclusions are necessary if the motion court grants a hearing on the motion and the movant fails to present substantial evidence at the hearing to support that allegation. *Id.* Fourth, no findings or conclusions are necessary where the issue is not properly raised or is not cognizable in a post-conviction motion. *Id.* Finally, where the motion itself is insufficient, reversal is not required. *Id.*

Here, the motion court never discussed or even mentioned Gray's claim that counsel was ineffective for opening the door to testimony that the man accompanying Gray at the time of his arrest was also arrested and charged with two counts of possession of a controlled substance and one count of possession of drug paraphernalia. We find that none of the exceptions allowed by this Court in *Crews* apply to Gray's case. Because the motion court issued no findings of fact and conclusions of law with regard to point two, there is nothing for this Court to review. While the motion court's oversight may have been inadvertent, we have no choice but to grant Gray's second point and remand this judgment to the motion court for findings of fact and conclusions of law in compliance with Rule 29.15(j).

### Conclusion

We reverse in part and remand to the motion court to enter findings of fact and conclusions of law in accordance with Rule 29.15(j) regarding Gray's claim that counsel was ineffective for opening the door to testimony regarding the drug possession and charges made against the person accompanying Gray at the time of his arrest. The judgment of the motion court is affirmed in all other respects.

LAWRENCE E. MOONEY and PATRICIA L. COHEN, JJ., concur.