

# Missouri Court of Appeals

## Southern District

### In Division

WILLIAM H. COOK,               )
                               )
    Appellant,          )   No. SD37681
                               )
v.                             )   **Filed:  September 20, 2023**
                               )
STATE OF MISSOURI,             )
                               )
    Respondent.         )

APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable Robert N. Mayer, Judge

## AFFIRMED

William H. Cook appeals the motion court's judgment denying his amended Rule 29.15 motion for post-conviction relief ("amended motion"), following an evidentiary hearing.[1] On appeal, Cook argues the motion court clearly erred in denying his amended motion because trial counsel rendered ineffective assistance by:  (1) failing to investigate and present evidence from an alibi witness; (2) failing to present evidence about a suggestive and unreliable show-up identification; and (3) failing to request a

---

[1] All rule references are to Missouri Court Rules (2019).

jury instruction pertaining to show-up identifications.[2]  Finding no merit in Cook's

points, we affirm the judgment.

## Background

On February 14, 2018, a robbery occurred at a convenience store.  Surveillance

video from inside the store showed the suspect wearing boots and a yellow t-shirt

partially visible under a blue hoodie.  The store was "well lit" and the store clerk, who

witnessed the robbery, viewed all portions of the suspect's face "from the eyes down."

The day after the robbery, an officer spotted Cook wearing the same clothes and boots

worn by the suspect in the surveillance video.  Two days after the robbery, police showed

the store clerk a photo of Cook and asked if Cook was the person who had committed the

robbery (the "show-up identification").  The store clerk identified Cook as the robber.

Before trial, the parties stipulated that no evidence related to the show-up identification

would be presented to the jury and no such evidence was offered at trial.

At trial, the surveillance video and the clothing seized from Cook were admitted

into evidence without objection.  The store clerk was called to testify and identified Cook

as the suspect with "one hundred percent" certainty.  While the store clerk did not look

the suspect in the eye for a long period, he "did make sure to look at him so that [he]

could ID him correctly."  Trial counsel, during closing arguments, argued Cook was a

victim of mistaken identity and that the store clerk's identification of Cook "simply isn't

reliable[.]"  The jury was instructed on eyewitness identification testimony in

compliance with MAI-CR 410.02.[3]  The jury instruction did not include MAI-410.02

---

[2] A show-up identification is "a procedure in which law enforcement presents an eyewitness with a single [photographic or live] suspect for identification."  MAI-CR 410.02(14)(iii).  We refer to the Missouri Approved Instructions-Criminal 4th as MAI-CR 4th.
[3] The instructions given to the jury were MAI-CR 410.02 paragraphs 1-13.

paragraph 14's instruction for "show-up" identifications, since no evidence pertaining to the show-up identification was presented.[4]  The jury found Cook guilty of robbery in the first degree.

Cook filed a direct appeal, and his conviction was affirmed by this Court in an unpublished Order and Statement.  *See **State v Cook***, SD35735, November 21, 2019. Cook timely filed *pro se* and amended motions for post-conviction relief.[5]  Cook's amended motion alleged trial counsel was ineffective for:  failing to call alibi witness April Rice to testify; failing to present evidence about the "photo array identification process conducted at city jail by detective where [Cook] was the only suspect to choose from in the photo array"; and failing to present a proper "identification instruction[.]"

The motion court conducted an evidentiary hearing on Cook's claims.  At the hearing, trial counsel, the store clerk, April Rice, and Cook testified. Trial counsel explained that her investigator had interviewed Rice and that Rice claimed "she didn't know anything about anything" and "wanted basically to be left out of it."  Trial counsel also had some conversations with Rice herself.  Trial counsel believed Rice "was not helpful to us at all."  In addition, trial counsel reviewed body camera footage of officers talking with Rice and, in that footage, Rice "couldn't account for [Cook] during the time of the robbery."  According to trial counsel, all the witnesses trial counsel interviewed put Cook close to the crime scene and described him as drunk and belligerent.

Rice denied being interviewed by Cook's defense team and claimed she would have been available to testify at Cook's trial.  Rice testified that she lived three or four

---

[4] The "Notes on Use" for 410.02 advise to "[u]se only those factors that apply to the evidence presented at trial, appropriately renumbering the paragraphs and subparagraphs."

[5] We have independently verified the timeliness of Cook's post-conviction relief motions.  *See **Moore v. State***, 458 S.W.3d 822, 825-26 (Mo. banc 2015);  ***Dorris v. State***, 360 S.W.3d 260, 268 (Mo. banc 2012).

blocks from the convenience store—about a 15-minute walk from her home. According to Rice, Cook was at her house the night of the robbery and they drank alcohol. She could not say for certain whether Cook robbed the convenience store, but claimed Cook was with her when she went to bed and was there when she woke up. Rice acknowledged she had multiple prior convictions and had been drinking on the night of the robbery.

As to Cook's show-up identification claim, trial counsel explained she decided "to steer clear" of the store clerk's pre-trial identification of Cook and keep it out because the identification was close in time to the robbery and the store clerk was confident Cook was the right person. Trial counsel testified she believed such evidence "would be strengthening [Cook's] identification if [she] went into that" and she "wanted the jury to think that the identification of [Cook] was three years after the fact, not the following morning."

The store clerk also testified at the evidentiary hearing. He had "[n]o question whatsoever" that Cook was the man who committed the robbery. According to the store clerk, the show-up identification did not influence his identification of Cook at trial. The motion court denied Cook's claims, and this appeal followed.

### Standard of Review

> "This Court reviews a post-conviction relief motion for whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009); *accord* Rule 29.15(k). "A judgment is clearly erroneous when there is a definite and firm impression that a mistake has been made after reviewing the entire record." *Forrest*, 290 S.W.3d at 708 (quotation marks omitted). "This Court defers to the motion court's superior opportunity to judge the credibility of witnesses." *Davis v. State*, 486 S.W.3d 898, 905 (Mo. banc 2016) (quotation marks omitted).

*Hosier v. State*, 593 S.W.3d 75, 81 (Mo. banc 2019).

**Discussion**

To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must show by a preponderance of the evidence that: (1) his or her counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation (performance prong), and (2) the movant was prejudiced by that failure (prejudice prong). *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "If the movant fails to satisfy either the performance or the prejudice prong of the test, then we need not consider the other[,] and his claim of ineffective assistance of counsel must fail." *Anderson v. State*, 66 S.W.3d 770, 775 (Mo. App. W.D. 2002).

To demonstrate trial counsel's performance was ineffective, a movant must overcome the strong presumption that trial counsel's conduct was reasonable and effective. *Hosier*, 593 S.W.3d at 81. "To overcome this presumption, a movant must identify specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Id.* (quoting *Davis*, 486 S.W.3d at 906). "Reasonable trial strategy decisions cannot form the basis of an ineffective assistance of counsel claim." *Hays v. State*, 484 S.W.3d 121, 132 (Mo. App. W.D. 2015) (quoting *Griffith v. State*, 233 S.W.3d 774, 778 (Mo. App. E.D. 2007)).

To demonstrate prejudice, a movant must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hosier*, 593 S.W.3d at 81. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Deck v. State*, 68 S.W.3d 418, 426 (Mo. banc 2002)).

5

**Point 1:  The Alibi Witness**

Cook argues trial counsel was ineffective in failing to investigate and to call Rice as an alibi witness.  This argument fails because trial counsel *did* investigate calling Rice as a witness and had a reasonable trial strategy for not calling her at trial.

Trial counsel testified she sent her investigator to interview Rice and that she spoke with Rice herself.  She also reviewed the body camera footage of the police speaking to Rice.  According to trial counsel, Rice could not account for Cook at the time of the robbery, and trial counsel determined Rice's testimony was not helpful to Cook's defense.  Rice, in contrast, denied being contacted by the defense team.  The motion court found trial counsel's testimony credible. Credibility determinations are *exclusively* for the motion court and it is free to believe or disbelieve *any* evidence, whether contradicted or undisputed.  ***Durst v. State***, 584 S.W.3d 817, 821 (Mo. App. S.D. 2019).  Moreover, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchalleng[e]able[.]"  ***Barton v. State***, 432 S.W.3d 741, 749 (Mo. 2014) (quoting ***Strickland***, 466 U.S. at 690).  Because trial counsel investigated calling Rice as a witness and determined that Rice's testimony would not be helpful to Cook's defense, trial counsel had a reasonable trial strategy for not calling Rice as a witness.  Cook fails to satisfy the performance prong of ***Strickland***.  Point 1 is denied.

**Points 2 and 3:  The Show-Up Identification and Show-Up Identification Jury Instruction**

In point 2, Cook argues trial counsel was ineffective by "failing to investigate and present evidence about the store clerk's suggestive out-of-court identification."  Point 3 argues trial counsel was ineffective in failing to submit a jury instruction that included

the MAI paragraph relating to a show-up identification, MAI-CR 4th 410.02(14).[6]  Both points are premised on the assumption that trial counsel lacked a reasonable trial strategy for failing to introduce evidence related to the police's show-up identification of Cook to the store clerk.[7]  Because trial counsel had a reasonable trial strategy for not introducing evidence related to the show-up identification, both points fail.

Cook does not argue that the show-up identification was inadmissible and acknowledges that a motion to suppress the identification would likely be unsuccessful. Rather, he argues the show-up identification should have been offered by trial counsel to cast doubt on the reliability of the store clerk's identification of Cook.

According to Cook, trial counsel's exclusion of the store clerk's out-of-court identification "unreasonably denied the jury an opportunity to decide whether the store clerk's identification of [Cook] was unreliable."  Although Cook may be correct that it would have been a reasonable strategy to introduce evidence related to the show-up

---

[6] This instruction provides, in relevant part:

> *Fourteen*, the method by which the witness identified the defendant, including whether it was
>
> . . . .
>> [iii. A "show up" procedure is a procedure in which law enforcement presents an eyewitness with a single suspect for identification.  In determining the reliability of the identification made at the show-up, you may consider such factors as the time elapsed between the witness's opportunity to view the person in question and the show-up, the instructions given to the witness during the show-up, and any other circumstances which may affect the reliability of the identification[.]]

[7]     Missouri courts have routinely held that show-ups are acceptable if properly administered. *See State v. Blanchard*, 920 S.W.2d 147, 150 (Mo.App. E.D. 1996).  A show-up is not impermissively suggestive as long as the police do not unduly pressure the witness to make a positive identification. *Id*.  It is not impermissively suggestive for police to present a single suspect for identification shortly after the crime occurred, in or near a police vehicle, even when the suspect is in handcuffs, particularly when the police make no overt remarks concerning the subject's identity. *State v. Murray*, 428 S.W.3d 705, 710 (Mo.App. E.D.2014); *State v. Williams*, 717 S.W.2d 561, 563 (Mo.App. E.D.1986); *State v. Johnson*, 628 S.W.2d 904, 907 (Mo.App. E.D.1982).

**State v. Moorehead**, 438 S.W.3d 515, 520 (Mo. App. E.D. 2014).

7

identification, "[i]t is not ineffective assistance of counsel to pursue one reasonable trial strategy to the exclusion of another reasonable trial strategy." *McFadden v. State*, 619 S.W.3d 434, 446 (Mo. banc 2020) (quoting *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006)).

Trial counsel explained that she believed introducing evidence pertaining to the show-up identification had the potential to bolster the State's case by strengthening the store clerk's identification.  She wanted the jury to think the store clerk identified Cook years after the robbery—not just days after the robbery.  The show-up identification occurred just a "[d]ay or two after" the robbery and the store clerk was confident Cook was the suspect.  And the store clerk was confident that the show-up identification did not influence his identification of Cook at trial.  Thus, if trial counsel had presented evidence pertaining to the show-up identification, there was a risk that such evidence would only strengthen the State's case.  It is a reasonable trial strategy to avoid highlighting potentially unfavorable evidence.  *See Balbirnie v. State*, 649 S.W.3d 345, 356 (Mo. App. W.D. 2022) (holding that trial counsel's failure to object to witness's testimony in order to avoid highlighting that testimony was a reasonable trial strategy). Cook has failed to satisfy the performance prong of *Strickland*.  Points 2 and 3 are denied.

## Conclusion

The motion court's judgment is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

DON E. BURRELL, J. – CONCURS

8